# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CLARK v. MOORE, TRUSTEE, &C.

### March 16, 1882.

1. SUBROGATION.—Where one pays a debt of another voluntarily, the principle of subrogation applies not, but only applies where he is surety for the debt, or is compelled to pay it in order to protect his own interests, or where the debt is assigned to him on payment, or where he pays it under a special agreement that he shall be substituted to the rights of the creditor.

2. CASE HERE.—Father conveyed property in trust to secure two debts to son and to trustee of his wife, by deed in statutory form, giving no priority. One of the debts secured to son arose out of a judgment against father, prior to deed, in favor of a third person, which son had paid, but no assignment thereof had been made. It was only referred to in the deed as an execution against father, which son had paid. Upon question whether this was entitled to priority—

HELD:

    1. It is not. All three of the debts must be paid *pari passu.*

    2. But even if this judgment had been the property of son, by *bona fide* purchase for value, and a lien on the land when it was conveyed, son lost his priority by unequivocally accepting the deed, recognized no priority, as attested by his execution thereof.

Appeal from decree of circuit court of Patrick county in suit of *Campbell's Adm'r* v. *Thomas M. Clark's Adm'r, &c.,* brought to subject the real estate of Clark to the payment of his debts, in which suit Susan E. Clark, the widow, filed her petition and was admitted a party. The circuit court decided, among other things, that the judgment paid off by J. T. Clark, referred to in the opinion, and secured in the deed of trust given by his father, said Thomas M.

Clark, had priority. From this decree Susan E. Clark obtained an appeal to this court, by which the appeal was heard at Wytheville but decided at Richmond.

*John E. Penn,* for appellant.

*A. A. Phlegar,* for appellees.

BURKS, J. Thomas M. Clark by deed conveyed his land and personal property, in trust, to secure the payment of two debts to his son, J. Thomas Clark, and also a debt to the trustee of his wife. The question for decision here is, whether these debts are payable *pari passu* out of the trust fund—proceeds of the sale of the land conveyed—or whether one of the debts, called the Staples debt, secured to the son, is entitled to priority. This debt was represented by a judgment recovered by the executors of Abram Staples against the grantor, and at the date of recovery bound the lands afterwards conveyed. It is described in the deed as an "execution in the name of Abram Staples' executors against the said Thomas M. Clark, issued from the clerk's office of the circuit court of Patrick county on the 6th day of January, 1871, which execution amounts to the sum of eight hundred and ninety-eight dollars and two cents, principal, interest, and costs, said J. T. Clark having settled the same with said executors."

It is contended by the creditors of J. T. Clark that this judgment is a subsisting lien on the lands of the debtor, prior and paramount to the lien of the deed of trust, and not disturbed or affected by the deed. It does not appear that J. T. Clark was in any way liable for this judgment or the debt represented by it. If, therefore, he paid it, either voluntarily or at the request of his father, without any agreement or understanding that he was to have the benefit of the judgment, or that it was to be transferred or

assigned to him, the debt was satisfied by the payment, and the lien extinguished both at law and in equity. There would be no ground for substitution in such a case. That equitable principle, in the absence of special agreement, applies only where the payment is made by one who is surety for the debt or is compelled to pay it in order to protect his own interest. The most reasonable inference from the recital in the deed is, that the parties considered the judgment satisfied, the lien extinguished, and that the son was a creditor at large for the amount paid. J. T. Clark, in his answer to Mrs. Clark's petition, avers that he purchased and took an assignment of the judgment. But this statement, as well as what he says in regard to his intention in taking the deed, is not responsive to any allegation of the petition. It is affirmative in its character, and not substantiated by any evidence in the cause. No assignment is produced and no attempt made to show that any ever existed. The burden of proof was upon him, or upon those claiming under him. But assuming that he was, as he claims to be, a *bona fide* purchaser for value of the judgment, and that it was a lien on the land at the time it was conveyed, was the priority which attached to the lien affected by the deed? He did not disclaim, but on the contrary unequivocally assented to and accepted the deed, as attested by his signature and seal thereto.

Looking to the provisions of the instrument, the statute applicable to it, and the relation of the parties, we are of opinion that the purpose, as also the legal effect, was to secure all the debts without giving preference to either or any of them. They are not classified or arranged with a view to any particular order in the payment, but simply enumerated and described, the deed concluding with the provision, in general terms, that "it shall be lawful at any time after the 20th December next, for the said Daniel G. Hatcher [the trustee] to sell to the highest bidder, for

ready money, by advertising and giving twenty days' previous notice, the aforesaid property, or so much thereof as will satisfy the aforesaid debts, interests and costs." This is the sole declaration with regard to the powers and duties of the trustee. Wherein the deed is silent, however, the law speaks. Our statute (Code of 1873, chapter 113, sections 5, 6) provides that a deed of trust to secure debts or indemnify sureties may be in a certain form (which is given), or " to the same effect"; and defines the duties of the trustee in such a deed. It will be seen, on examination, that the object is to prescribe the duties and regulate the conduct of the trustee only so far as the deed fails to do so. When sale is made of the trust property, the trustee is required, in terms, to apply the proceeds " first to the payment of expenses attending the execution of the trust, including a commission to the trustee of five per cent. on the first three hundred dollars and two per cent. on the residue of the proceeds, and then *pro rata* (or *in the order of priority, if any prescribed by the deed*) to the payment of the debt secured," &c.

In the present case, the deed, if not in the exact form prescribed by the statute, is unquestionably " to the same effect." From the language employed, it is quite apparent that the draftsman had the statute in mind and intended to conform to it. It must be presumed that the deed was made with a knowledge of the law on the part of those who executed it; and, as no priority is " prescribed by the deed," the law declares that the debts secured shall be paid *pro rata*. And this construction, as we think, is in accordance with the real intention of the parties. It is not believed that the grantor, in securing debts to his wife and son, designed to make any distinction between them. If any preference had been contemplated, we should expect to find it plainly expressed in the deed.

In determining the question of priority, we have not.

been influenced by the report of Commissioner Moir, filed in the case of *Campbell's Adm'r* v. *Clark's Adm'r and others,* and improperly copied by the clerk into the record of this cause, of which it was not a part.

The decree under review, so far as it accords priority to the Staples debt under the deed of trust, must be reversed, and the cause remanded for further proceedings in order to final decree, in conformity with the views expressed in this opinion.

DECREE REVERSED.