## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NORRIS v. WOODS.

### April 20th, 1893.

1. MARRIED WOMAN—*Separate estate—Powers.*—A deed whereby land is conveyed to a married woman for life, with power of appointment, as well as power to sell and re-invest the proceeds, does not give her a right to mortgage the property.

2. IDEM.—An instrument executed by a married woman as a mortgage on her separate estate, but invalid as such, her husband not uniting in its execution, does not create an equitable lien on the estate.

3. RESULTING TRUST.—Such trust must arise, if at all, by the payment of the money by the person claiming the same at the time of the execution of the conveyance; and, where a trustee subsequently advanced money to pay off a lien reserved in the conveyance for the purchase-money of the land—

HELD:

    No trust results in his favor.

4. SUBROGATION.—Where such trustee takes from his *cestui que trust* (a married woman) an invalid mortgage and bonds, as security for money subsequently advanced by him to extinguish such lien—

HELD:

    He is not entitled to be subrogated to said lien.

Appeal from decree of circuit court of Chesterfield county, rendered in the cause wherein Hiram Woods was complainant and the appellant, Alice L. Norris, was defendant. Opinion states the case.

*W. W. & B. T. Crump,* for appellant.

*Tucker & Ingram,* for appellee.

HINTON, J., delivered the opinion of the court.

By deed dated June 6th, 1868, N. T. Pate conveyed to
Hiram Woods a farm in the county of Chesterfield, in trust
for the separate use of one Alice L. Norris, the appellant,
who was at the time a married woman. The consideration
expressed on the face of the deed is the sum of seven thousand
five hundred dollars; of which amount three thousand dollars
was paid in cash, and for the balance a vendor's lien was
retained.

Subsequently—to-wit, on the 7th day of June, 1868—the
said Alice L. Norris executed the following paper:

" Whereas, by deed dated the 6th June, 1868, N. T. Pate
conveyed to Hiram Woods, as trustee, a certain tract of land
in the county of Chesterfield, Virginia, containing about one
hundred and fifty acres, which was to be held by said trustee
as the separate estate of Alice L. Norris, which deed is of
record in the clerk's office of the county of Chesterfield;

" And whereas two instalments of the purchase-money re-
main unpaid—to-wit, thirty-five hundred dollars, due the 6th
of August, 1868, and one thousand dollars, due the 6th May,
1869;

" And whereas the said Alice L. Norris has no means from
which to make said payments of thirty-five hundred and one
thousand dollars, and has requested the said Hiram Woods to
advance and pay the same for her; and the said Alice L.
Norris desiring fully to indemnify and secure the said Hiram
Woods for any payment he may make in pursuance of her
said request, she, the said Alice L. Norris, doth hereby agree
and direct as follows:

" That if any such payment be made by the said Hiram
Woods, on account of said indebtedness, and the same
remain unpaid for twelve months after it is advanced,

the said Hiram Woods shall proceed to sell the property aforesaid, on a credit of six and twelve months, shall repay himself the amount then due, and dispose of the remainder as directed by the deed of settlement as aforesaid. This direction and power shall remain irrevocable so long as any portion of said debt remain unpaid to the said Hiram Woods."

Contented with the security furnished by this paper and certain "Beemer bonds," which amounted to largely more than the debt or unpaid purchase-money, the trustee, Hiram Woods, loans Mrs. Norris the amount necessary to discharge the vendor's lien, at a rate of interest of 8 *per centum per annum.*

He (the trustee) has realized from the "Beemer bonds" more than enough to pay off the principal of the debt, and is now seeking to obtain a sale of the farm of his *cestui que trust* for a balance of interest of $2,844.75, for which the circuit court has decreed in his favor.

This contention is rested upon three grounds: First, that there was a resulting trust; second, that he was subrogated to the vendor's lien; and third, that the writing above, which was signed by Mrs. Norris, but not by her husband, gives a lien upon said property.

Now as to the two first-mentioned suggestions, they are so manifestly unfounded that they may be dismissed with a word. In his bill the complainant alleges that the property was conveyed to him for the purposes of the trusts set out in the deed, and that afterwards—to-wit, about the 7th of October, 1868—Mrs. Norris applied to him for an advance of money to pay off the deferred instalments. But it is well settled, in ordinary cases between man and man, that the proof which is to over-ride the deed must be very clear, and, moreover, the trust must arise at the time of the execution of the conveyance, or not at all; and even if the court could

countenance the idea of a trustee's setting up a resulting trust in favor of himself in property which he had agreed to hold upon express trusts for a woman under the disabilities of marriage—nay, worse, with that husband blind, and unable to assist her—there is nothing in the facts of the case to justify the pretension.  2 Minor 218 ; *McDevitt* v. *Frantz*, 85 Va. 751.

Upon the question of subrogation, the fact is that there was no assignment of the debt or lien, and the object of the advance was plainly to extinguish the vendor's lien, and hence he took this imperfect " mortgage " and the " Beemer bonds."  There can, therefore, be, under the decisions of this court, no subrogation in this case.  *Enders* v. *Brune*, 4 Rand. 438 ; *Clevinger* v. *Miller*, 27 Gratt. 740 ; *Clarke* v. *Moore*, 76 Va. 262.

This brings us to what certainly is a plausible ground for the complainant's claim.  But, upon examination, it is clear that this cannot be sustained.  The bill was not filed to *charge* the separate estate of Mrs. Norris, but it speaks of the paper in question as a " mortgage," and was manifestly filed to enforce a supposed lien upon the *corpus* of the property. The case must therefore stand or fall upon the validity of this instrument as a conveyance of the *corpus*, for, in equity as well as at law, the mere agreement of a married woman is void.  That it was intended to operate as a mortgage or deed of trust, we have no doubt, but to make such a conveyance by a married woman valid it must have been executed in the manner provided by the statute—that is, it must have been united in by the husband.  In no other way could this have been effected.  Neither do we think it can have any operation as an execution of the power given in the deed of settlement.  Construing the words, " or, in case of sale, then so much of its proceeds as may remain," in the deed of settlement, (as we think from the context we must,) as

meaning what may remain uninvested, the deed plainly gives
Mrs. Norris a life estate, with a power of appointment. The
only power of alienation in the deed is the power to sell for
re-investment, and it is now well established that such a
power does not confer the right to encumber or mortgage the
*corpus. Bank of Greensboro* v. *Chambers*, 30 Gratt. 202;
*Bailey* v. *Hill*, 77 Va. 492; *Green* v. *Claiborne*, 83 Va.
386. She must therefore be held to have had only such a
power of disposition as is consistent with a life estate.
*Johns* v. *Johns*, 86 Va. 333; *Miller* v. *Potterfield*, 86 Va.
876.

We need only add that the whole case has proceeded on
the ground that there was a lien, and not an implied charge;
and that in any event the statute of limitations would pre-
vent the successful assertion of such a claim, as it appears by
the record that for a period of more than five years had been
in no way assailed. It follows from what has been said that
the decree of the circuit court must be reversed and the bill
must be dismissed.

LACY, J., *dissented.*

DECREE REVERSED.