## Richmond.

### BENSON v. HUMPHREYS AND ·ALS.

January 20.

For the principles on which the question will be determined, whether a contract for the sale of land is for a sale in gross or a sale by the acre, see the opinion of the court by *Christian, J.*

This was a suit in equity in the circuit court of Fairfax county, brought by Guy Humphreys and his two sons, Newton and G. C. Humphreys, against John S. Benson, to enforce the specific execution of a contract for the sale of a tract of land by the plaintiffs to the defendant. Benson was in possession of the land, and had made all but the last payment. The only question was whether he was bound to pay for an additional number of acres, it appearing that there was that much more in the tract than was mentioned in the contract, and that depended upon the question whether it was a purchase in gross or by the acre.

It appears that the contract was not reduced to writing until the cash and first deferred payment had been made. A paper was then prepared and signed by the Humphreys, in which they recite the contract, and the payments made and the amount yet due. The contract states that whereas, heretofore, to-wit: on the 6th day of May, 1874, John S. Benson, of Washington city, &c., entered into a contract for the purchase of, and did purchase, certain real estate situated at or near Mills' cross-roads, in Fairfax county, &c., containing fifty-three and a half acres, more or less, with the improvements thereon, with and from Guy Humphreys,

Newton Humphreys and G. C. Humphreys, all of said county, the same being the eastern half or portion of a tract of land conveyed by the said Humphreys to one A. D. Grinnan by deed dated the 28th day of April, 1869, in trust to secure the payment, &c., for the sum of one thousand eight hundred and seventy dollars and fifty cents, payable as follows: Three hundred and seventy-two dollars and fifty cents to be paid in hand, and the balance in two equal instalments at one and two years from the 6th of May. And then reciting the payments made, and how, it is added—leaving the second payment of $750, with legal interest thereon from the 6th day of May, 1875, now due, which said sum is a lien upon the land contracted to be sold, and is to be paid on the 6th of May, 1876. And they covenant to warrant the title generally. This paper is dated July 24th, 1875.

The plaintiffs in their bill insisted it was a sale of the land at $35 per acre, and that they were entitled to compensation at the same rate per acre for all over the 53½ acres specified in the contract.

Benson, in his answer, denied that it was a sale by the acre, and insisted it was a sale in gross, and that he was entitled to all the land within the boundaries at the price of $1,872.50, which he had contracted to pay.

The circuit court directed a survey of the land; which was made, and showed that there was in the tract 61 acres 1 rood and 9 poles.

The cause came on to be heard on the 16th of November, 1877, when the court held that the sale was a sale of the land by the acre, and that the plaintiffs were entitled to compensation for the excess—7 acres 1 rood and 9 poles—over the 53½ acres, which the tract was supposed to contain, at the price of $35 per acre, the same amounting to $273.25. And the decree was for the $750, with interest from the 6th of May, 1876, and for the $273.25, with interest from

the 26th of August, 1876, the time of the commencement of the suit, and costs. And on failure to pay, &c. From this decree Benson applied to this court for an appeal and *supersedeas;* which was awarded.

*S. F. Beach,* for the appellant.

*Thomas* and *Wells,* for the appellees.

CHRISTIAN, J., delivered the opinion of the court.

The sole question we have to determine in this case is, whether the sale of the tract of land in the bill and proceedings mentioned was a sale *in gross* or a sale *per acre.*

The rules of law on this subject, laid down by this court, extracted from the numerous decided cases, may be briefly stated as follows:

*First.* Every sale of real estate where the quantity is referred to in the contract, and where the language of the contract does not *plainly* indicate that the sale was intended to be a sale *in gross,* must be presumed to be a sale *per acre.*

*Second.* The language "more or less," used in contracts for sale of land, must be understood to apply only to small excesses or deficiencies, attributable to variations of instruments of surveyers, &c. When these terms are used it rather repels the idea of a contract of hazard, and implies that there is no considerable difference in quantity.

*Third.* While contracts of hazard are not *invalid,* courts of equity do not regard them with favor. The presumption is against them, and while such presumption may be repelled, it can only be effectually done by clear and cogent proof.

*Fourth.* The burthen of proof is always upon the party asserting a contract of hazard; for the presumption always being in favor of a sale per acre, a sale in gross, or contract of hazard, must be *clearly established by the facts.*

*Fifth.* Where the parties contract for the payment *of a gross sum* for a tract or parcel of land upon the estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard.

*Sixth.* Whether it be a contract in gross or for a specific quantity depends, of course, upon the intention of the contracting parties, to be gathered from the terms of the contract and all the facts and circumstances connected with it. But in interpreting such contracts the court, not favoring contracts of hazard, will always construe the same to be contracts of sale *per acre,* wherever *it does not clearly appear* that the land was sold by *the tract,* and not *by the acre.* See *Watson* v. *Hoy,* 28 Gratt. 698, where all the cases decided by this court and many others are carefully collected in the elaborate opinion of Judge *Burks.*

Applying these rules of law to the case before us, our conclusion is that the sale to Benson was a sale *per acre,* and not a sale *in gross,* and that the court below was plainly right, upon the evidence in the cause, in holding him responsible to pay to the appellees the sum of $35 per acre (the contract price) for the excess in quantity as shown by the survey. The decree of the circuit court of Fairfax county must therefore be affirmed.

DECREE AFFIRMED.