# Wytheville.

## GRAYSON v. BUCHANAN.

July 9th, 1891.

Absent, *Richardson, J.*

| 88 | 251 |
| 89 | 933 |
| 88 | 251 |
| 92 | 9 |
| 88 | 251 |
| 93 | 122 |
| 93 | 647 |
| 88 | 251 |
| 100 | 713 |

1. SALE OF LANDS—*Construction—Presumption.*—Where vendor sells land describing it in the contract as "containing 140 acres more or less, and known as the Kelly Tract, for the price of $6,000.00," the presumption is that the quantity influenced the price, and that the sale is by the acre, and not in gross, unless there be evidence to the contrary.

2. IDEM—*Misrepresentation—Abatement.*—If vendor represented the tract as containing 140 acres and one-half of a certain spring, when it contained only 126 acres and not the spring, vendee is entitled to abatement of price for loss of one-half of the spring and deficiency of area. Abatement for deficiency should be according to average value of the entire tract, and for loss of one-half of the spring to the extent the tract, estimated at $6,000.00, was damaged thereby.

3. IDEM—*Conflicting evidence—Verdict.*—Where the evidence is conflicting and the jury find for the defendant, their verdict will not be disturbed by this court.

4. IDEM—*Unilateral mistake—Reformation—Parol evidence—Plea of set-off.*— Though written contract fails to mention the spring, and a bill in equity is brought to reform contract, alleging mistake on one side, accompanied by misrepresentations on the other, parol evidence is admissible to show the true contract, and relief will be granted. And so, likewise, where the defence is made in action at law for the price, by special plea in the nature of set-off, under Code, §3299; and such plea is allowable in such a case.

5. PRACTICE AT COMMON LAW—*Plea of set-off—Affidavit—Harmless error.*— Where plea in the nature of set-off filed in such case sufficiently conforms to the statute, but was not sworn to, such defect is not one for which judgment will be reversed, inasmuch as, upon survey of entire record, the judgment appears to be substantially right.

6. IDEM—*Plea*—*Duplicity*—Duplicity in a plea could be objected to at common law, only by special demurrer, which is not now available in this state, except as to dilatory pleas. A plea setting up partial failure of consideration for deficiency of area, and also for loss of a spring, is not double.

7. IDEM—*After-discovered evidence—New trial.*—Where affidavit of conversation between affiant and defendant, relied on as after-discovered evidence in support of motion for new trial, fails to state date and details of the conversation;

HELD:

     No ground for new trial, as the relevancy of the testimony is not apparent.

8. IDEM—*Verdict—Uncertainty.*—Where verdict assesses "damages for loss of one-half of spring at $600.00, and of fourteen acres of land at $540.00, and directs these sums to be applied to the bonds as they fall due," motion to set it aside as vague and uncertain;

HELD:

     Properly overruled.


Error to judgment of circuit court of Smyth county, rendered April 5th, 1889, in an action wherein Franklin Grayson was plaintiff and Thomas M. Buchanan was defendant.

This was an action of debt on two bonds for $1,000 each, executed by the defendant to the plaintiff for the last two deferred payments of purchase-money for a certain tract of land situate in that county. In the written contract between the parties for the land, the tract is described as the Kelley tract and " containing 140 acres, more or less," for which the defendant agreed to pay the sum of $6,000. It does not appear that a deed to the land has ever been delivered to the defendant.

The defendant offered a special plea of set-off, averring that the tract was represented by the vendor at the time of the purchase to contain 140 acres, and that it included within its limit one-half of a spring on the northeastern portion of the tract, which was the only running water on the entire tract, except a small spring on the opposite side of the tract, and that, relying upon these representations, he contracted to purchase the

land. The plea then goes on to aver that the tract did not, in fact, contain as much as 140 acres, as represented, but only 126 acres, and that the said spring is not included within the tract nor any part thereof. Wherefore, it is further averred, there has been a failure of consideration to the extent of fourteen acres of land and one-half of the said spring, and that the defendant has been thereby damaged to the extent of $3,000.

The plaintiff objected to the plea, and moved the court to reject it, which motion was overruled.

The defendant offered evidence before the jury, which was not excepted to, tending to support the averments of the plea, and the plaintiff introduced evidence tending to support the contrary view; that is, that the sale was in gross, and that there was no representation on his part that the tract included any part of the spring.

The verdict of the jury was as follows:

" We, the jury, find for the plaintiff $2,000, the debt in the declaration mentioned, with interest on $1,000, part thereof, from January 1, 1879, and on $1,000, the residue thereof, from January 1, 1880, subject to a credit of $398.38, as of October 11, 1883, and $613.79, as of October 23, 1883. And we further find for the defendant, as offsets to said debt, $600 damages for the loss of one-half of the spring in controversy, and $540 as an abatement for deficit of fourteen acres of the land, to be applied to said bonds in the order in which they fall due."

The court overruled a motion for a new trial, and gave judgment on the verdict, whereupon the plaintiff applied for and obtained a writ of error.

*S. W. Williams,* for plaintiff in error.

*Buchanan & Buchanan* and *John P. Sheffey,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

The doctrine is established by numerous decisions of this court that the use of the words "more or less," or "supposed to contain so many acres, more or less," in a deed or contract for land, will not relieve the vendor or vendee, as the case may be, from the obligation to make compensation for an excess or deficiency beyond what may be reasonably attributed to small errors from variations of instruments or otherwise, unless, indeed, a contract of hazard was intended. But in the absence of proof that it was, the presumption is that it was not; that is, that the parties contracted with reference to quantity which influenced the price. In other words, that the sale was by the acre, and not in gross.

It is equally well settled that contracts of hazard, though not void, are yet not regarded with favor. The presumption, as we have said, is against them, and this presumption can be repelled only by clear and convincing proof. *Caldwell* v. *Craig*, 21 Gratt. 132; *Watson* v. *Hoy*, 28 *Id.* 698; *Benson* v. *Humphreys*, 75 Va. 196; *Trinkle* v. *Jackson*, 86 *Id.* 238.

In the present case the parties contracted for the payment of the gross sum of $6,000 for the land, which in the written contract is described as "containing 140 acres, more or less, and known as the Kelley tract." The presumption, therefore, is that the quantity influenced the price, and that the sale was by the acre.

The defendant, however, not only sets up in the special plea a deficiency of fourteen acres in quantity, but avers that the tract does not include within its boundaries one-half of a certain spring which the vendor represented it to include, and with reference to which, it is averred, the contract was made. And to this extent, he claims, there has been a failure of consideration, and that he is entitled to an abatement of the purchase-money accordingly.

The general rule of compensation in a case of deficiency in

quantity within the boundaries of the land contracted for is according to the average value of the whole tract; and this was the rule applied by the jury, under an instruction from the court, in the present case, so far as the deficiency in the land, independently of one-half of the spring, was concerned, there being no peculiar circumstances to take the case out of the general rule. But as to the loss of one-half of the spring, a different rule necessarily applies. As to that the jury, being of opinion that the defendant had been damaged $600, found accordingly.

Upon this point the instruction was that if the jury should believe from the evidence that the plaintiff represented to the defendant, at the time of the sale, that one-half of the spring in the pleadings mentioned was on the Kelly tract, and that the defendant relied upon said representations, and if they should further believe that the half of said spring was not on the Kelly tract, then that the defendant was entitled to an abatement of the purchase-price to the extent to which the tract was damaged by the loss of the half of said spring, estimating the price of the land, including half of the spring, at $6,000.

The case was thus properly submitted to the jury on the question of failure of consideration, and the jury, upon the evidence, which was conflicting as to what the real contract between the parties was, having found for the defendant, its finding, approved as it was by the trial judge, ought not to be disturbed by this court. *Caldwell* v. *Craig*, 21 Gratt. 132.

The appellant, however, contends that the defence set up in the special plea was not a proper one for a court of law, because it seeks to contradict the written contract, and to incorporate into it extraneous matter, by parol evidence. There is no mention of the spring in the written contract, and the point of the objection is that if there was any mistake in that particular, the proper remedy was in equity to reform the contract.

If this were a suit for that purpose, there is no doubt that the parol evidence would be admissible to show what the true agreement was; that is to say, whether the contract was in gross or by the acre, and also whether or not the parties contracted for one-half of the spring, as alleged in the plea. "In all such cases," says Judge Story, "if the mistake is clearly made out by proofs entirely satisfactory, equity will reform the contract so as to make it conformable to the precise intent of the parties." 1 Story, Eq., sec. 152. And to the same effect is *Mauzy* v. *Sellars*, 26 Gratt. 641, where it was distinctly held, in conformity with all the authorities, that the mistake may be shown by parol proof, and that relief will be granted, whether the mistake is set up by bill or as a defence.

In all such cases, however, where mistake alone is set up as a ground for relief, the mistake must be mutual. But the same relief is afforded where there has been a mistake on one side accompanied by fraud or other inequitable conduct on the other. *S. V. R. R. Co.* v. *Dunlop*, 86 Va. 346.

In the present case the jury, on this branch of the case, found for the defendant; so that, whether the plaintiff was mistaken in representing that the land included one-half of the spring, or whether he fraudulently made such representation, is immaterial; for in either case the defendant, in good faith, relied upon that representation, and in either case he would be entitled, upon the state of facts found by the jury, to relief in equity.

Why, then, under the comprehensive terms of the statute relating to the special plea of set-off, is he not entitled to relief in this action? That statute, now carried into section 3299 of the Code, enacts as follows:

"In any action on a contract, the defendant may file a plea, alleging any such failure in the consideration of the contract, or fraud in its procurement, or any such breach of any warranty to him of the title or the soundness of personal property, for the price or value whereof he entered into the contract, or any

other matter as would entitle him to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract; or if the contract be by deed, alleging any such matter arising under the contract, existing before its execution, or any such mistake therein, or in the execution thereof, or any such other matter as would entitle him to such relief in equity; and in either case alleging the amount to which he is entitled by reason of the matters contained in the plea. Every such plea shall be verified by affidavit."

The plea in the present case sufficiently conforms to this statute, except that it was not sworn to. It does not affirmatively appear, however, that the omission to swear to it was a subject of objection in the lower court. But be that as it may, the defect is not one for which the judgment will be reversed, inasmuch as, upon a survey of the whole record, the judgment appears to be substantially right. The case was fully gone into before the jury, and its merits ascertained; the material averments of the plea were found to be true, and hence the omission to swear to it does not warrant a reversal of the judgment. *Fleming* v. *Toler*, 7 Gratt. 310; *Danville Bank* v. *Waddill*, 27 Gratt. 448; *Payne* v. *Grant*, 81 Va. 165; 4 Min. Insts, 870, 874, and cases cited.

The contention that the plea is bad for duplicity is met by a two-fold answer, viz: (1) That objection to a plea on that ground can be taken, at common law, only by special demurrer, which is not now available in Virginia, except as to dilatory pleas (4 Min. Insts. 939); and (2) that the plea in setting up, as it does, a partial failure of consideration, as well on the ground of a deficiency of fourteen acres of land as of the loss of one-half of the spring, is not double, because the matters alleged constitute but one connected proposition or entire point. As well might it be contended that a separate plea ought to have been filed for each one of the fourteen acres.

It is also insisted that the verdict ought to have been set

aside for vagueness and uncertainty. The verdict assesses the defendant's damages at six hundred dollars for the loss of the one-half of the spring, and five hundred and forty dollars for the loss of fourteen acres of the land, and directs that these sums "be applied to said bonds in the order in which they fall due."

The declaration itself states when the bonds respectively fell due, and we see no difficulty in applying the credits as the verdict directs—that is, as of the date of the maturity of the bonds respectively.

Lastly, it is contended that a new trial ought to have been granted for after-discovered evidence.

An affidavit of one John M. Humphreys was filed, to the effect that several years before the trial, and after the purchase of the land by the defendant, the latter admitted to the affiant that he had no interest in the spring. And there was also an affidavit by the plaintiff that the evidence had been discovered since the trial, and that reasonable diligence could not have secured it at the trial. The affidavit of Humphreys, however, does not give the details of the conversation between the defendant and himself, nor does it state when the admission was made. And if it was made after the defendant discovered by the survey, made subsequent to the sale, that he had no interest in the spring—and *non constat* it was not—then the admission was not material, because since that discovery the defendant has made no claim to the spring, but only to an abatement of the purchase-money. If, on the other hand, it was made before the survey, then the evidence was collateral, and could not avail as ground for a new trial, inasmuch as it would only tend to contradict the defendant, and discredit him as an opposing witness. *Read's Case*, 22 Gratt. 946; 4 Min. Insts. 759, and cases cited.

Upon the whole, without going more fully into the case, we are of opinion that the judgment is right, and that the same must be affirmed.

JUDGMENT AFFIRMED.