# Richmond.

### EPES V. SAUNDERS AND OTHERS.

January 14, 1909.

Absent, Keith, P., and Cardwell, J.

1. VENDOR AND PURCHASER—*Sale by the Acre—Presumption.*—If parties enter into an agreement for the payment of a gross sum for a tract of land, upon an estimate of a given number of acres, there is a presumption that the quantity influences the price to be paid, and that it is a sale by the acre, and not a sale in gross, unless the contract plainly indicates a sale in gross, and this presumption can only be overcome by clear and cogent proof.

2. VENDOR AND PURCHASER—*Estimation of Quanity—Sale by Acre—Mistake—Case in Judgment.*—If a vendor sells to a purchaser a boundary of land "said to contain" seventy-five acres, at a gross sum, this statement, while not amounting to a positive affirmation of quantity, is a representation that the boundary contains that number of acres, and upon that representation the purchaser has the right to rely. If there is no other evidence of a sale in gross except the conflicting statements of parties equally entitled to credit, and there turns out to be a deficiency in the quantity, the purchaser is entitled to recover back the price paid for the deficiency. It is a case of mutual mistake. In the case in judgment, it does not clearly and cogently appear that the sale was in gross, and not by the acre.

Appeal from a decree of the Circuit Court of Mecklenburg county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Wm. H. Mann,* for the appellant.

*McGuire, Riley & Bryan* and *W. E. Homes,* for the appellees.

Buchanan, J., delivered the opinion of the court.

The principal question to be determined in this case is whether or not the tract of land sold and conveyed by the appellees to the appellant was a sale by the acre or a sale in gross.

It is well settled in this State that where persons enter into an agreement for the payment of a gross sum for a tract of land, upon an estimate of a given number of acres, there is a presumption that the quantity influences the price to be paid, and that it is a sale by the acre and not a sale in gross, unless the contract plainly indicates that it is a sale in gross, and this presumption can only be overcome by clear and cogent proof. *Blessing* v. *Beattie,* 1 Rob. 287; *Watson* v. *Hoy,* 28 Gratt. 698, 705; *Benson* v. *Humphreys,* 75 Va. 196, 199; *Boshen* v. *Jurgens,* 92 Va. 756, 24 S. E. 390; *Berry* v. *Fishburn,* 104 Va. 459, 51 S. E. 827.

In December, 1905, the appellant wrote to Mrs. Saunders, one of the appellees, to know if she would sell her tract of land situated near the town of Blackstone, and if so, her price and the number of acres in the tract. Her reply to that letter was as follows: "I will sell my place near Blackstone, either in part or as a whole, said to contain seventy-five acres. Am willing to sell on terms you mention in your letter. Have been offered $2,500.00 for it. I am ignorant of prices of land in your locality, but if it was near this town (Chase City) it would bring $75 to $100 per acre."

Upon the receipt of that letter, the appellant prepared an option contract running for three months, in which he offered $2,500 for the land, which was described as containing seventy-five acres, more or less, and sent it to Mrs. Saunders. After inserting in that paper $2,750 instead of $2,500 as the pur-

chase price, and the words "said to contain" instead of "containing" just preceding the words "seventy-five acres, more or less," she copied, signed the copy and sent it to the appellant.

In March following, he wrote to her that he would take the property, and requested her to have a deed prepared. After some correspondence as to the mode of securing the deferred purchase money in order to avoid giving a deed of trust to secure its payment, he agreed to pay and did pay the whole of the purchase price of the land in cash, and received a deed therefor, prepared, signed and acknowledged by the appellees, in which the land is described as "containing seventy-five acres, more or less."

In April following, the appellant had the land surveyed and found, as he alleges in his bill, and as appears from a plat of the survey filed with it, that the tract, after deducting one-half an acre previously sold off of it by Mrs. Saunders, and six and six-tenths acres condemned for railroad purposes, only contained fifty-two and nine-tenths acres.

The appellant immediately wrote to Mrs. Saunders of the deficiency, stating that she had represented to him that the tract contained seventy-five acres. Mrs. Saunders denied in her reply that she had made any such representation and stated that she had sold the land by the boundary and not by the acre. In a few months afterwards this suit was brought by the appellant to recover compensation for the alleged deficiency.

When Mrs. Saunders, in her reply to the appellant's letter asking if she would sell the land, and if so, her price and the number of acres in the tract, stated that the tract was "said to contain" seventy-five acres, she either thought it contained that number of acres or she intended to mislead the appellant as to the quantity. She states in her deposition that by the use of the words "said to contain" she meant "supposed to contain." The presumption is that she did not intend to mislead the appellant into thinking there was seventy-five acres of

land in the tract, and no one can read the record without reaching the conclusion that she honestly supposed, though she had no actual knowledge of the acreage, that the tract did contain that quantity of land. And it is equally clear, we think, from the record, that the appellant thought the same when the contract was made. Mrs. Saunders' statement "said to contain" did not amount to a positive affirmation of quantity, but it was a representation as to quantity upon which the appellant had the right to rely. *Caldwell* v. *Craig,* 21 Gratt. 132, 140-1.

In the case cited, which is much relied on by counsel for appellees, the agreement of sale described the land as "supposed to contain 1,000 acres, more or less." In discussing the language of that agreement, Judge Staples, who delivered the opinion of the court, on pages 140-1, says: "No doubt he (the vendor) 'supposed' the tract to contain the number of acres mentioned, and the defendant (the vendee) honestly believed the same; and each was influenced, doubtless, by this estimate in fixing the price to be paid. And if this were all the transaction would present a clear case of mutual mistake requiring the intervention of a court of equity in behalf of the injured party. For it is well settled that the employment of the words 'more or less,' or 'containing by estimation so many acres, more or less,' will not relieve the vendor or vendee, as the case may be, from the obligation to make compensation for an excess or deficiency beyond what may be reasonably attributed to small errors from variations of instruments or otherwise, unless indeed there be evidence to show that a contract of hazard was intended. In the absence of such evidence, it is to be presumed that the parties contract with reference to quantity. It is an important element in every agreement and *prima facie* must be intended to have influenced the price. It is, however, a mere presumption, which may be met and overthrown by proof that the parties agreed to be governed at all events, by the estimated quantity."

In that case, the parol proof, which consisted chiefly of the admissions of the vendee, that the sale was by the boundary or in gross and not by the acre, satisfied the jury, and in the opinion of the court was sufficient to justify them in finding that the parties entered into a contract of hazard.

In this case, the only oral testimony upon this question is that of Mrs. Saunders and the appellant. She testifies that it was intended to be and was a sale by the boundary or in gross, and the appellant deposes that it was a sale by the acre. They are equally positive in their statements, and, so far as the record shows, are equally credible, so that no aid can be derived from their testimony upon this question. It must, therefore, be determined from the written evidence in the cause, and the facts and circumstances surrounding the parties when the sale was made.

The force and effect of the writings bearing upon this question have been considered. Without discussing in detail the other evidence, it is sufficient to say that, after a careful examination and consideration of all the evidence in the case, both written and oral, it does not *clearly and cogently appear* that the sale was in gross and not by the acre, and that the circuit court erred in so holding.

It is insisted that the record does not show that there is any deficiency in the land, and that the action of the court in dismissing the bill should be sustained on that ground.

It is alleged in the bill that there is a deficiency of 22 1-10 acres, as ascertained by survey which is filed with the bill as an exhibit. There is a general but no specific denial of this allegation in the answer of the appellees. They state in it that they know nothing of the accuracy and correctness of the survey referred to in the bill and are not bound or affected by it. The appellant proves that the engineers who made the survey are reputable and competent surveyors. The appellees took no proof to show that the tract of land contained 75 acres,

or that the survey showing the deficiency was not correct. That there was less land in the tract sold than seventy-five acres does not seem to have been really controverted in the circuit court. There the only question in dispute was, whether the sale was by the acre or in gross.

The record shows, we think, *prima facie* at least, that there is a deficiency in the land as claimed in the bill.

In order, however, that no injustice may be done, this court will reverse the decree complained of and remand the cause to the circuit court, with directions that if the appellees desire it the court shall order another survey of the tract to be made and ascertain the deficiency, if any, and for such further proceedings as may be proper, not in conflict with the views expressed in this opinion.

*Reversed.*