## CIRCUIT COURT OF ROCKINGHAM COUNTY

John B. Lewis

   v.

John C. Biller

October 20, 1999

Case No. (Chancery) 17089

BY JUDGE JOHN J. MCGRATH, JR.

John C. Biller and John B. Lewis entered into an agreement in which Biller would convey his tract of land, consisting of 20.825 acres of land, to Lewis. The property was conveyed by a general warranty deed which describes the land as being "all that certain tract or parcel of land containing 20 acres, 3 roods and 12 poles, more or less ..." and then continues on to provide metes and bounds in detail. A settlement agreement, signed by both parties, describes the property as being 20.825 acres and providing a contract sales price of $31,237.50. Plaintiff, Lewis, obtained a survey of the land after the conveyance of the property and subsequently discovered that the tract of land only contained 13.907 acres.

Plaintiff contends that the sale of the land was by acres, at $1,500.00 an acre, and therefore is entitled to recover a $10,377.00 abatement of price. Defendant contends that the sale of the land was in gross, and therefore, he is not responsible for returning a portion of the purchase price because Lewis received what he paid for. Defendant further contends that if plaintiff were entitled to any recovery, it would be recession of the contract, and not an abatement of price. There are two issues to be decided here: (1) whether the sale of the land was in acres or in gross and (2) what the remedy is.

In 1881, the Supreme Court of Virginia laid down a set of rules governing whether a sale of land will be deemed to have been in gross or per acre. The decision of the Court in *Benson* was set out in six rules:

> *First.* Every sale of real estate where the quantity is referred to in the contract, and where the language of the contract does not *plainly* indicate that the sale was intended to be a sale *in gross*, must be presumed to be a sale per acre.
>
> *Second.* The language "more or less," used in contracts for the sale of land, must be understood to apply only to small excesses or deficiencies, attributable to variations of instruments of surveyors, etc. When these terms are used, it rather repels the idea of a contract of hazard and implies that there is no considerable difference in quantity.
>
> *Third.* While contracts of hazard are not *invalid*, courts of equity do not regard them with favor. The presumption is against them, and while such presumption may be repelled, it can only be effectually done by clear and cogent proof.
>
> *Fourth.* The burden of proof is always upon the party asserting a contract of hazard; for the presumption is always being in favor of a sale per acre, a sale in gross, or contract of hazard, must be *clearly established by the facts.*
>
> *Fifth.* Where the parties contract for the payment *of a gross sum* for a tract or parcel of land upon the estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard.
>
> *Sixth.* Whether it be a contract in gross or for a specific quantity depends, of course, upon the intention of the contracting parties, to be gathered from the intention of the contract and all the facts and circumstances connected with it. But in interpreting such contracts, the court, not favoring contracts of hazard, will always construe the same to contracts of sale *per acres*, where *it does not clearly appear* that the land was sold by *the tract*, and not by *the acre*.

*Benson v. Humphreys*, 75 Va. 196 (1881).

Following *Benson*, in 1909, the Supreme Court of Virginia decided the case of *Epes v. Saunders*, 109 Va. 99, 63 S.E. 428 (1909). In *Epes*, plaintiff and defendant agreed that defendant would convey to plaintiff by a deed that stated the tract of land was "said to contain 75 acres, more or less." *Id.* at 101. After the sale, the plaintiff found the tract to only contain 52 acres. *Id.* Plaintiff contended that the sale was by acres; defendant contended it was in

gross. The Supreme Court stated that in cases such as this, where there is payment of a gross sum for a tract of land "upon an estimate of a given number of acres, there is a presumption that quantity influences price" and therefore the sale is by acres. This presumption can only be overcome by clear and cogent proof that the sale was in gross. *Id.* at 100. The court further stated that since the land was represented as a specific quantity, this was evidence upon which the plaintiff had a right to rely; therefore, it can be considered as a sale by the acre. *Id.* at 102. Moreover, the court stated, when the only oral testimony is that of the parties and each is a credible witness, the court must refer to the written evidence and that is the evidence that must clearly and cogently show that the sale was in gross. *Id.*

In addition to the foregoing considerations, the Supreme Court has also stated that another factor to be considered in attempting to determine whether a conveyance was in gross or per acre is whether or not the price is an exact multiple of the supposed number of acres. *See, Farrier v. Reynolds*, 88 Va. 141, 13 S.E. 393 (1891). In *Farrier*, the court found that because the land was not an exact multiple, the land conveyance was in gross. *Id.* at 144.

In light of the foregoing case law, it is clear that in the case at hand, the land conveyance was made per acre. The deed clearly states "20 acres, 3 roods and 12 poles, more or less," and the settlement agreement states a purchase price of $31,237.50 for 20.825 acres. Both parties agree that the land was to be priced at $1,500.00 per acre. It is clear that the parties used the assumed acreage of 20.825 as a guide as to what the purchase price would be. Furthermore, the purchase price of $31,237.50 is equally divisible by 20.825 equaling $1,500.00 per acre, the price that the plaintiff alleges was agreed upon. Since the courts do not favor conveyances in gross, the acreage is specifically set out in the deed, and it has not been shown "clearly and cogently" that the parties intended to convey the land in gross, the agreement will be deemed to have been per acres.

We now turn to the issue of remedy. The Supreme Court has consistently held that in cases such as this, where there is a mutual mistake as to the amount of land conveyed, the proper remedy is abatement of price. See *Walsh v. Hale*, 66 Va. (25 Gratt.) 314 (1874); *Yost v. Mallicote*, 77 Va. 610 (1883); *McComb v. Gilkenson*, 110 Va. 406, 66 S.E. 77 (1909). Furthermore, the Court has stated that when there is a deficiency in title, quantity, or quality of the estate, the vendor cannot force the vendee to take the property. "The option ... rests with the vendee to require the vendor to convey the property, or such part of it as he is able to convey, with an abatement of the purchase price." *Turner v. Holloway*, 146 Va. 827, 132 S.E. 685 (1926) (citing *Millman v. Swan*, 141 Va. 312, 127 S.E. 166 (1925)). There was no bad faith by either

party to this transaction; both seller and buyer acted in the utmost good faith, e.g., when seller purchased the land, the deed to him represented the land to be 20.825 acres. The results may seem harsh, but it is mandated by long-standing Virginia judicial precedent.

Therefore, it is ordered that defendant pay to the plaintiff the sum of $10,377.00. The clerk of the court is ordered to send certified copies of this order to Aaron W. Graves, Esq., counsel for plaintiff, and Glen M. Hodge, Esq., counsel for defendant.