Allen, J.
There is no difficulty on the main point in controversy between these parties. The right of the vendees to compensation for the deficiency in the quantity of land sold is clear. The evidence of the contract is contained in the deed. The land is described as containing by survey 785 acres. Two adjoining tracts are conveyed. After describing the first tract by metes and bounds, the deed contains the following clause : “ this part containing 765 acres ; and another part attached to the same tract, containing 20 acres, and making up the full amount of 785 acresshewing very clearty that no hazard was contemplated. Each party laboured under a mistake; each supposed he was dealing for a specific quantity. The consideration to be paid shews that the price was 15 dollars per acre. This I do not consider as material, except as furnishing evidence of the character of the agreement, and that the parlies dealt for the land under the impression that it contained a certain quantity ; that it was this specific quantity the vendors contracted to sell, and the vendees to purchase. In the case of Blessing's adm'rs v. Beatty,* all the decisions of this court were reviewed by judge Baldwin. The principle deduced from them was, that equity entertains jurisdiction and gives relief upon the ground of mistake : that the question is not affected, whether the sale was at so much per acre, or a sale of a tract supposed by both parties to contain a certain number of acres, for an aggregate sum or gross price : that in either case, if there was a mistake as to the quantity, equity will relieve, and give compensation for the excess or deficiency, though no fraud or misrepresenta *454 tion appear. In the opinion then delivered I fully concurred.
Nor is there any thing in the conduct of the parties, or the time of filing the bill, which affects the claim to rejje£ ^ previous injunction had been obtained, because of some alleged defect of title. In this the purchasers failed. The mistake as to quantity was not discovered until afterwards; and thereupon this bill was filed. The cases of Nelson v. Carrington & others, 4 Munf. 332. and Carter v. Campbell, Gilmer 170. shew that where there is a sale by the acre, a right of surveying exists, whether expressly reserved or not, and that if no time is limited for making the election to survey, it may be done at any time before the whole business is closed between the parties.
The decree injoined not only the principal due, but the damages which accrued during the pendency of the previous injunction. As that injunction was dissolved and the bill dismissed, the defendants insist on their right to those damages, and that their claim to them rests on the same foundation with their claim to the costs incurred in that suit. The question seems not to have been expressly decided, though it was presented in the case of Carter v. Campbell, before cited. In that case there had been a previous injunction, which had been dissolved, and a suit and judgment on the injunction bond. A deficiency being made out in the second suit, both damages and principal were injoined. The decree as to this was affirmed, but the particular question now raised was.not discussed. It seems to me there is nothing in it. The interest accrued is always injoined. And damages are given in lieu of interest. They are entire. The court has no right to divide them, and say that 6 per cent, as interest shall follow the principal, and 4 per cent, be recovered as a penalty. Being allowed by way of interest, though denominated damages, they are an incident to the main subject. The last suit *455 ascertains that the money was never due; and damages ought not to be allowed for withholding money to which the party was not entitled.
So far I think the decree right. But errors have been committed in the details, for which it must be reversed.
The vendees purchased from three individuals and their wives, the husbands holding in right of their wives. A bond executed by the purchasers to one of the vendors, was by him assigned to another of the vendors and a third person. A portion of this bond (600 dollars) being unpaid, the assignees recovered a judgment for the amount against the purchasers. This judgment was injoined. It is ascertained that on allowing for the deficiency, the bond is extinguished, and the purchasers have overpaid for the land actually conveyed. So far as the decree injoins the judgment, it was correct. In the actual condition of the cause, it wmuld have been improper to decree over in favour of the assignees, against the assignor or the vendors. One of the assignees occupied both relations, of vendor and assignee. There was nothing to shew'- the state of accounts between the vendors; and the purchasers had nothing to do with this matter. By taking the assignment, the assignees occupy the position of the assignor, so far as the purchasers are concerned. Whether the assignees will be entitled to recover from the assignor, will depend on the contract between them. No issue is made up in this case between them, nor any admissions made, which wmuld justify the court in decreeing over against the assignor for the amount of the bond.
But the decree not only injoins the judgment, but makes the assignees liable for the amount overpaid by the purchasers. It does not appear upon w'hat ground they wmre held responsible for this excess. The bond assigned to them had been partially paid, though to whom does not appear. The court, perhaps considering that they had received all but the balance, held *456 ^etn liable for that reason. As assignees they had a right to receive all that was voluntarily paid to them. -ft was Pa'^ without any notice of the plaintiff’s equity, and they are entitled to hold what they legally received. J , _ , , . .„ f . J ° . Ihe remedy of the plaintirr tor the excess is against the vendors, and not the assignees, who have equal equity and the legal possession.
It seems to me that the court also erred in rendering any decree without having the representatives of Jones before it. M’Daniel and Jones were joint purchasers, received a joint conveyance, executed their joint notes for the purchase money, were jointly sued, and were joint plaintiffs in the first injunction. Jones afterwards died, and M’Daniel filed the present bill without joining the representatives of Jones as plaintiffs, or making them parties.
The general rule that all persons materially interested should be made parties, is too familiar to require authority to support it. And in regard to the nature of the interest, it is wholly unimportant whether it be a legal or an equitable interest of the absent parties in the subject matter of the suit. Story’s Eq. Pleading 137. This constitutes one of the leading distinctions between proceedings at law and in equity. A person with a mere equitable or remote interest cannot sue at law, and if he be improperly joined, the suit may fail. The analogies, therefore, derived from legal proceedings do not apply. Conceding that the right to recover here was a joint right which survived, and that M’Daniel might therefore have sued at law, it is equally clear that the representatives of Jones had an interest in the suit, so far as it went to establish a deficiency, and, for any thing appearing, a right to a moiety, possibly to the whole, of the money overpaid. Serious injustice might be sustained by them if the question of deficiency is to be determined in their absence; and a total loss inflicted on them, if the survivor be permitted to pocket the excess *457 recovered. Whenever there is a community of interest between the parties, which may be affected by the decree, they should all be before the court. Thus in case of joint bonds or obligations, all the parties, obligors and obligees, are required to be made parties to the suit. 16 Yesey 326. Story’s Eq. Pleading 159. And the same rule is applied where one of the obligors is dead ; for in such case his personal representatives, as well as the survivors, must be made parties to a suit in equity brought for payment of the debt, whether it be for payment by the survivors alone, or out of the assets of the deceased. It seems to me that the correlative of the rule thus laid down is equally true, and that the representatives of the joint purchaser should be made parties here. In reality, this case is stronger than cases growing out of joint bonds, partnerships, and the like. These were joint purchasers of land. The right of survivorship as to the land is taken away; and though the breach here may have been incurred in the lifetime of both, yet it was an incident to a subject which did not survive, and in a suit to ascertain the extent of the breach, the amount of the deficiency, the representatives of the decedent were necessary parties. For this cause also, I think that the decree must be reversed, and the cause remanded in order that the representatives of Jones may be brought before the court.
Bkooke and Baldwin, J. concurred in the opinion of Allen, J.

 Reported ante, p. 287.