## Wytheville.

TAYLOR v. CUSSEN.

JUNE 15th, 1893.

1. MARRIED WOMEN—*Trust deed—Separate estate.*—A deed of trust executed by a married woman and her trustee on her equitable separate estate in land, her husband not joining in the deed, is void.
2. IDEM—*Rents and profits.*—Such trust deed is not an incumbrance on the rents and profits of such estate where it does not appear that the loan secured by the deed was for her benefit, and where her intention was to create *a specific lien* on the estate.
3. HUSBAND—*Estoppel.*—Where husband was not guilty of any fraud, actual or constructive, in negotiating the loan, he is not estopped from denying the validity of such deed.

Argued at Richmond.    Decided at Wytheville.

Appeal from decree from the chancery court of the city of Richmond, rendered May 10, 1892, in a suit in equity wherein William J. Cussen was plaintiff and William G. Taylor and others were defendants.    Opinion states the case.

*F. M. Connor* and *B. T. Barrett*, for appellants.

*Meredith & Cocke* and *Jackson Guy*, for appellee.

LEWIS, P., delivered the opinion of the court.

By deed bearing date September 7, 1869, one Walthall conveyed, for valuable consideration, to John C. Gibson, trus-

tee for Ophelia V. Cussen, a married woman, three unimproved lots situate in that part of Richmond known as Fulton. This deed was recorded in 1871. On the 27th of June, 1873, William J. Cussen, the husband of the said Ophelia, negotiated a loan for $4,800 with the Dollar Savings Bank, for which sundry notes were executed by Gibson, trustee, payable to his own order, and endorsed by him; and on the same day Gibson and Mrs. Cussen (without the concurrence of her husband) executed a deed of trust on the lots to secure these notes.

In February, 1875, several of the notes being due and unpaid, the trustees in the deed of trust advertised the lots for sale, whereupon Mrs. Cussen, suing by her next friend, David Parr, filed her bill for an injunction, alleging that the deed of trust was void, and an injunction was awarded. Afterwards the trustees of the bank, who were also made defendants, answered the bill, averring that the lots in question were in reality the property of the said W. J. Cussen, and that the conveyance had been taken in the name of Gibson, trustee, as a cloak to protect them from the claims of his (Cussen's) creditors. It was also averred, but of this there was no proof, that the money loaned by the bank had been used in improving the property.

On the 13th of November, 1884, the lots were conveyed by Gibson and Mr. and Mrs. Cussen to one Schwartz, who, on the same day, conveyed them to Cussen, the consideration expressed in both deeds being five dollars. Some time afterwards Mrs. Cussen died, and the suit was revived in the name of William J. Cussen as sole plaintiff.

Under a subsequent decree, the cause was referred to a commissioner for certain inquiries, who reported (1) that Mrs. Cussen took under the deed of September 7, 1869, an equitable estate; (2) that the deed of trust of the 27th of June, 1873, was void; *but* (3) that W. J. Cussen was estopped by his conduct to deny its validity. This report was confirmed, except in the latter particular, and a perpetual injunction granted by the decree complained of.

We are of opinion that there is no error in the decree.   Assuming, for the purposes of the present case, that Mrs. Cussen took under the deed of September 7, 1869, a separate equitable estate, as contended for by the appellants, it is clear that the deed of trust is void.

The doctrine is well established in Virginia that a married woman, having an equitable separate estate in land, can dispose of the *corpus* only by will or by deed with the concurrence of her husband (*i. e.*, in the mode prescribed by the statute for the alienation of real estate by a married woman), unless the instrument creating the estate otherwise provides. This has been so often decided as to be no longer an open question in this court.   *McChesney* v. *Brown*, 25 Gratt., 393; *Christian & Gunn* v. *Keene*, 80 Va., 369, and cases cited.

In the present case the instrument creating the estate neither prescribes a mode of alienation nor imposes any restriction upon the power of alienation; so that the deed of trust, executed, as it was, by Mrs. Cussen without the concurrence of her husband, was without any legal effect whatever, so far as she was concerned, and so far as the trustee who united in it is concerned, it was *ultra vires* and void.   *Green* v. *Claiborne*, 83 Va., 386.

It is contended, however, that the deed, though void as an alienation of the *corpus* of the trust estate, must be treated as an incumbrance on the rents and profits.   But there is no authority for such a position.   The decisions of this and other courts in which the general engagements of a married woman have been held a charge on her separate equitable estate (*i. e.*, the personalty and the rents and profits of the real estate) proceed on the ground of a presumed intention on her part to make the estate so liable.   But no such general intention can be implied in the present case, because the notes which were intended to be secured by the deed of trust were not signed by Mrs. Cussen, nor does it appear that the loan was for her benefit, and it is clear, besides, that her sole object in execu-

ting the deed was to create *a specific lien* on the estate for the payment of the notes.  *Frank & Adler* v. *Lilienfield*, 33 Gratt., 377, 399; *Geiger* v. *Blackley*, 86 Va., 328.

The only remaining question, then, is whether W. J. Cussen (who is now, as we have said, the owner of the property) is estopped to deny the validity of the deed.

"In all this class of cases," says Judge Story, "the doctrine proceeds upon the ground of constructive fraud, or of gross negligence, which in effect implies fraud. And, therefore, where the circumstances of the case repel any such inference, although there may be some degree of negligence, yet courts of equity will not grant relief. It has, accordingly, been laid down by a very learned judge, that the cases on this subject go to this result only, that there must be positive fraud, or concealment, or negligence, so gross as to amount to constructive fraud." 1 Story Eq., § 391. And as fraud is not presumed, but when charged must be strictly proven, the authorities uniformly hold that the evidence to establish an estoppel by conduct must be clear, precise, and unequivocal. Indeed, certainty is essential to all estoppels. *Bolling* v. *Mayor of Petersburg*, 3 Rand., 563, 576.

Bigelow lays it down, on the authority of numerous adjudged cases, that the following elements must be present in order to an estoppel by conduct, viz: 1. There must have been a false representation or concealment of a material fact. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it; and 5. The other party must have been induced to act upon it. Bigelow, Estop. (3d ed.), 484. And the same author says further (at p. 490) that the misrepresentation must be plain, not doubtful, or matter of mere inference or non-expert opinion.

These principles were recognized by the Supreme Court of the United States in *Brant* v. *Va. Coal & Iron Co.*, 93 U. S.,

326, where it was said to be essential to the application of the principle of equitable estoppel with respect to the title of real estate that "the party claiming to have been influenced by the conduct or declarations of another to his injury, was himself, not only destitute of knowledge of the state of the title, but also of any convenient and available means of acquiring such knowledge," and that "where the condition of the title is known to both parties, or both have the same means of ascer-certaining the truth, there can be no estoppel." See, also, *Hill* v. *Epley*, 31 Pa. St., 331; *Kingman* v. *Graham*, 51 Wis., 232; *Bales* v. *Perry*, 51 Mo., 449.

Tested by these familiar principles, the decree granting the prayer of the bill is clearly right. There is no proof of any false representation or concealment on the part of the appellee when the loan in question was effected, nor is any one of the essential elements of estoppel established by the evidence.

Much was said in the argument at the bar as to the alleged fraud of the appellee in having the property conveyed, in the first instance, to a trustee for the purpose of protecting it from the claims of creditors. But as to this charge, it is enough to say that the commissioner, to whom the cause was referred, reported that the property was paid for by Gibson with money held by him as trustee for Mrs. Cussen, and there having been no exception to the report on that ground, the finding of the commissioner is conclusive here. *Simmons* v. *Simmons*, 33 Gratt., 451; *Cralle* v. *Cralle*, 84 Va., 198.

Moreover, the deed to Gibson was duly recorded several years before the loan, for which the deed of trust was given, was negotiated, and the bank was presumably acquainted at the time with the condition of the title. It appears that on several prior occasions it loaned money on the trustee's notes, taking as security, in each instance, a deed of trust on the lots, executed by the trustee alone. This money, it seems, was used by the appellee in improving the property, and was afterwards paid back to the bank by him out of his own means.

For what purpose, however, the loan in question was effected, or how the money was used, does not appear.    In the language of the commissioner's report, "the trust deed does not show on its face for what purpose the notes were executed, nor do the notes themselves show it, nor does the testimony throw any light on the subject."    All that is shown is that the loan was negotiated by Cussen; but what took place between the parties at the time does not appear.    It is quite probable, especially in view of the previous course of dealing between the parties, that the deed of trust was considered by the bank a valid security for the loan, and, therefore, that Cussen was not required to unite in it.    At all events, the record is destitute of any evidence which brings the case within the principles above stated.

The case, in short, as shown by the record, is simply this : That a loan was negotiated by Cussen, for which the trustee's notes were given, which were intended to be secured by the deed of trust; but that he made any representations as to the title, which was a matter of record, or that he even expressed an opinion, or supposed, that his uniting in the deed was essential to its validity, or that he offered, or was expected, to unite in it, or was guilty of deception or wrong-doing of any sort, to the injury of the bank, does not appear.    As to all these matters the record is silent; and as the *onus* was upon the appellants to establish the alleged estoppel, it follows that the decree must be affirmed.

DECREE AFFIRMED.