## Richmond.

BOSCHEN'S EXECUTRIX v. JURGENS'S EXECUTOR.

APRIL 2, 1896.

1. SALE OF REAL ESTATE—*Presumed to be By the Acre.*—Every sale of real estate, where the quantity is referred to in the contract, is presumed to be a sale by the acre, unless the contract plainly indicates a sale in gross; and this presumption can only be overcome by clear and cogent proof.

2. REPRESENTATIONS OF SIZE OF CITY LOT—*Mutual Mistake—Compensation for Deficiency.*—A representation that a city lot partially covered by buildings has a front of nineteen feet seven inches, and a depth of one hundred and thirty-eight feet, is material, and, if untrue, but made in good faith by the vendor, and acquiesced in by the vendee, and the vendee has been guilty of no *laches* in discovering the error, a case of mutual mistake has been established, against which a court of equity will, at the instance of the purchaser, give relief by a decree for the value of the deficiency.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced December 11, 1893, in a suit in chancery instituted by Charles G. Jurgens in his lifetime, and revived after his death in the name of his executor, the appellee, against the appellant, the executrix of Herman C. Boschen.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the appellant.

*W. W. & B. T. Crump,* for the appellee.

KEITH, P., delivered the opinion of the court.

Charles G. Jurgens filed his bill in the Chancery Court of the city of Richmond, in· which he states that Herman C. Boschen was the owner of a certain lot, with a brick store thereon, on the south side of Broad street, between Fourth and Fifth streets, in that city; that through his agents, F. D. Hill & Co., a well-known real estate firm, he advertised the property for sale in the Richmond *Dispatch*, which advertisement was in the following words:

"*To be Sold at Auction.*—On Thursday, June 4, 1891, on the premises, at 5½ o'clock P. M., we will sell that most eligibly located three-story brick store, No. 425 east Broad street, south side, between Fourth and Fifth streets, at present occupied by Messrs. Ford & Peatross, and for years occupied by Charles L. Seigel, Esq., as a shoe store.· It is unnecessary to say a word in favor of this property, as its unsurpassed location and value as a solid investment is well known to all business men and capitalists. We will only add that an opportunity like this may not occur again for a long time. The lot fronts 19 7-12 feet by 138 feet, to a wide alley in common."

The complainant was a dealer in furniture, and was in search of a good site on which to build a store suitable for his business. Having observed the advertisement, and being, as he says, impressed by the depth of the lot, as he desired to have as much store room as possible, he informed F. D. Hill, the agent of Boschen, prior to the sale, that he desired to bid on the property, and at the sale the property was knocked out to him as the highest bidder at the price of $21,100; that thereupon he immediately secured the services of an architect to make plans for a store-house to be erected upon the lot, covering the entire ground—19 feet 7 inches front, running

back 138 feet.  The property was sold on the 4th of June, 1891, but owing to some difficulty with the tenants, who declined to surrender possession, the transaction was not consummated until August 1, 1891, when, these troubles being settled, a deed for the property was made, and the purchaser placed in possession on or about September 1st.    In the mean time the architect had completed his designs, and the complainant, having accepted the deed, contracted with a builder to erect a building on the lot in accordance with the specifications furnished by the architect.    After the buildings upon the lot had been pulled down, the contractor, while laying the foundation for the new building, discovered that the depth of the lot was 129 feet, and not 138 feet.    For this deficiency, resulting, as complainant alleges, from the mutual mistake of his vendor and himself, complainant claims that he is entitled to have an abatement of the purchase money.

He alleges that the representations as to the dimensions of the lot materially affected his estimate of the value of the property, and influenced him largely in making the purchase ; that the representations were relied upon by him, and that they were untrue, although their incorrectness was not known to Boschen or his agent, and that therefore, as to the plaintiff, these representations were fraudulent.

This bill was answered by Boschen's executrix, but, inasmuch as the bill waives an answer under oath, it only serves to put in issue the allegations of the bill so far as they are denied in the answer.

Defendant also filed a plea denying the plaintiff's right to recover in chancery, averring that the right of the plaintiff, if any, is purely legal, and that an action at law will furnish an adequate and complete remedy for any wrong he may have suffered.

In the answer it is claimed that the plaintiff should not recover, because the property was sold in gross and not by the

foot; in other words, that it was a contract of hazard, and that the complainant, immediately after the purchase, went upon the lot, and made such measurements as he desired, and that not more than sixty days thereafter he complied with the terms of the sale.

The Virginia decisions, however the law may be elsewhere, abundantly sustain the jurisdiction of a court of equity in such cases. See *Blessing* v. *Beatty,* 1 Rob. 287 ; *Crawford* v. *McDaniel,* 1 Rob. 448 ; *Triplett* v. *Allen,* 26 Gratt. 721 ; *Watson* v. *Hoy,* 28 Gratt. 698 ; *Benson* v. *Humphreys,* 75 Va. 196.

These authorities not only show that equity will take jurisdiction of this class of cases, upon the ground of mistake, but that " every sale of real estate, where the quantity is referred to in the contract, and where the language of the contract does not plainly indicate that the sale was intended to be a sale in gross, must be presumed to be a sale per acre ; that, while contracts of hazard are not invalid, courts of equity do not regard them with favor. The presumption is against them, and, while such presumption may be repelled, it can only be effectually done by clear and cogent proof; that the burden of proof is always upon the party asserting a contract of hazard, for the presumption always being in favor of a sale per acre, a sale in gross, or contract of hazard, must be clearly established by the facts; that where the parties contract for the payment of a gross sum for a tract or parcel of land, upon the estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard ; that whether it be a contract in gross or for a specific quantity depends, of course, upon the intention of the contracting parties, to be gathered from the terms of the contract and all the facts and circumstances connected with it. But in interpreting such contracts the courts, not favoring contracts of hazard, will always con-

strue the same to be contracts of sale per acre wherever it does not clearly appear that the land was sold by the tract and not by the acre."

Now, applying these principles, which have been affirmed not only in the cases above cited, but in numerous—I might say numberless—other cases to be found in our reports, let us see what are the facts proven.

The advertisement of the sale has already been given, and the deposition of Frank D. Hill, the auctioneer, was also taken. He says that he cried the property in person ; that he read the advertisement and used his best endeavors to call the attention of the crowd assembled to the great value of the property, and said everything that could induce them to purchase; that he did not dwell upon the size and depth of the property, as there was no question about that; that he simply called attention to the front and depth by the advertisement ; that he believed the dimensions were correctly given, and that a purchaser would have been justified in so believing ; that if he had known that the lot did not run back 138 feet he would have so stated, and that Mr. Jurgens bought under this mistake as to the fact; that the greater part of the property was covered by a brick building; and that the price paid " was a very good price indeed."

It appears from the evidence of this witness that Messrs. Ford & Peatross, who were the occupants of the property, claimed to be tenants from year to year, and that there was some difficulty with respect to the possession, but these troubles were composed by an arrangement finally entered into between them and Mr. Boschen, and the sale was consummated on the 29th of July, 1891, and the deed passed on that day. The description in this deed follows the terms of the advertisement, which was itself taken from the deed under which Boschen held.

It appears from the testimony of witness, Pond, that he

was employed to remodel and enlarge the brick building then on the lot in accordance with the plans and specifications furnished by Mr. Ruehrmund, the architect; that, after taking down the buildings in the rear of the front building on Broad street, he had occasion to measure from the front line of the house to the rear, so as to give instructions with respect to the excavation of the foundation for the house about to be erected. The plans furnished by the architect were for a building to run back the supposed depth of the lot, 138 feet, but, finding that the depth of the lot was only 129 feet, the plan of the building had to be changed to conform to it.

The evidence of the architect is to the same effect, and there is not one word of testimony to the contrary.

It seems to us that the appellant is in this dilemma: Either her testator made the representation as to quantity in the honest belief of the truth of what he said, in which case the court should grant the relief prayed for, on the ground of a mutual mistake of the parties as to a material term in their contract; or that he made the representation as to quantity, knowing, or having reason to know, that it was untrue, in which case the appellee's claim for relief would rest upon even stronger ground. In justice, however, to the vendor, Mr. Boschen, it must be said that there is nothing in this record to suggest the suspicion that he contemplated or perpetrated a fraud. He made the representation as to quantity, believing it to be true, and neither he nor those claiming under him can be heard to complain that his representation was accepted as true.

We think that the mutual mistake has been established; that a contract of hazard has not been shown; that the presumption which arises in such cases that quantity influenced the price has not been overcome; that the very brief delay in ascertaining the deficiency is satisfactorily accounted for; and that the payment of the money and acceptance of the deed,

under the circumstances disclosed, are not sufficient to defeat the appellee's recovery.

The right to recover having been established, it seems that the amount is not in dispute. The decree of the Chancery Court must therefore be in all respects affirmed.

*Affirmed.*