Statement.

# Wytheville.

## HULL v. WATTS, ADM'R.

### JULY 15, 1897.

1. CHANCERY JURISDICTION—*Suits for Deficiency in Quantity of Land—Mistake—Adequate Remedy at Law.*—Courts of equity have jurisdiction to render decrees for the value of the deficiency in the quantity of land sold by the acre. The basis of this jurisdiction is either mutual mistake, or the mistake of one party occasioned by the fraud or culpable negligence of the other. The jurisdiction being elementary, it is immaterial that the complainant has a complete and adequate remedy at law.

2. STATUTE OF LIMITATIONS—*Deficiency in Quantity of Land.*—The right of a purchaser to recover for deficiency in the quantity of land sold by the acre is not affected by the lapse of time, nor generally by anything done or omitted by him, so long as, without fault on his part, he is in ignorance of the deficiency.

3. SALES OF LAND—*Presumed to be by the Acre.*—Every sale of land where the quantity is referred to in the contract is presumed to be a sale by the acre, unless the language of the contract plainly indicates a sale in gross, and this presumption can only be overcome by clear and cogent proof.

4. ISSUE OUT OF CHANCERY—*Effect of Verdict—Decree for Deficiency of Land—Interest.*—It is not error to direct an issue out of chancery to determine the quantity of the deficiency in the sale of a tract of land where the evidence as to the boundary lines of the tract is conflicting. But the court is not bound by the verdict, and may modify or disregard it altogether. The decree, however, for the amount of the deficiency should bear interest from the date of the deed from the grantor sued.

Appeal from a decree of the Circuit Court of Tazewell county, pronounced December 20, 1894, in a suit in chancery, wherein the appellee was the complainant and the appellant was the defendant.

*Decree amended and affirmed.*

H. B. Hull and wife conveyed to Henry Harrison a tract of land in Tazewell county containing, as stated in the deed, 832 30-100 acres, at the price of $10,000. The only covenant in the deed was a covenant of general warranty. Henry Harrison conveyed the same land as containing 832 30-100 acres, by deed, with covenant of general warranty, to J. Howe Sayers. Sayers had the land surveyed, and it was ascertained that there was a deficiency of about 59 acres. The question as to the amount and value of the deficiency was submitted to arbitration, and it was ascertained that the quantity was about 59 acres, and the value was fixed at $771.75. Sayers's bonds was accordingly abated as of their date by this amount, and Hull, failing to make the amount good, this suit was brought by Harrison's Adm'r. to recover the value of the deficiency. This suit was instituted in Smyth county, where the defendant resided, but was subsequently removed to Tazewell. The court directed two issues to be tried by a jury; one to ascertain the true boundary lines of the land, and the other to determine whether the sale by Hull to Harrison was in gross, or by the acre. The verdict of the jury responded to both issues. The lines fixed by the jury showed a deficiency in the quantity of the land of 46.99 acres, of the value of $564.35. On the other issue the jury found that the sale was a sale in gross, and not by the acre. Objection was made to both findings, by the complainant. The court disapproved the finding of a sale in gross, and entered a decree in favor of the complainant for $564.35, with interest from June 26, 1889—the date of the institution of the suit. From this decree the defendant appealed.

*Henry & Graham*, for the appellant.

*Chapman & Gillespie*, for the appellee.

HARRISON, J., delivered the opinion of the court.

On the 7th of March, 1884, appellant conveyed to Henry Harrison a tract of land in Abbs Valley, in Tazewell county, described as containing 832 30-100 acres, at the price of $10,000, and received the purchase money therefor. Harrison sold and conveyed this land as 832 30-100 acres to J. H. Sayers, and died in 1887, the purchase money bonds due from Sayers passing into the hands of appellee as administrator of Harrison. Sayers, after his purchase, had the land surveyed, and ascertained that the tract only contained 773 76-100 acres, and to the extent of that deficit claimed an abatement of the balance of purchase money due from him. Appellee, the administrator of Harrison, agreed with Sayers to submit the matter to arbitration, and the arbitrators selected ascertained that Sayers was entitled to a credit, as of the date of his purchase, for $771.75 by reason of the deficit in the area of the land, and a decree was entered June 6, 1888, embodying the terms of said award. Thereupon the bill in this case was filed to the first July rules, 1889, by the appellee, John G. Watts, administrator of Henry Harrison, deceased, for the purpose of obtaining a decree against the appellant, Henry B. Hull, for the value of the deficiency in the land conveyed by Hull to Harrison in the latter's life time. After a protracted litigation this suit resulted in a final decree on the 20th day of December, 1894, in favor of appellee for $564.35, with interest thereon from June 26, 1889, the date of the institution of the suit, as the true amount due on account of the deficiency complained of.

The first assignment of error is that the bill is without equity, and appellee's remedy adequate and complete at law.

The Virginia decisions fully sustain the jurisdiction of a court of equity in cases like this, and, therefore, the demurrer was properly overruled.

In *Blessing* v. *Beatty*, 1 Rob. 316, it is said: "The principle upon which equity gives relief in cases of deficiency or excess in the estimated quantity upon the sale of lands, I understand to be that of mistake; whether the mutual mistake of the parties,

or the mistake of one of them occasioned by the fraud or culpable negligence of the other."

The deed from Hull to Harrison is filed as an exhibit with the bill, from which it appears that appellant conveyed to his grantee 832 30-100 acres of land. The bill alleges that an accurate survey recently made shows that the tract contains 773 76-100 acres. This is a material deficiency, and if the representation contained in the deed that there were 832 30-100 acres is untrue, though made in good faith by the vendor, and acquiesced in by the vendee, and the vendee has been guilty of no laches in discovering the error, a case of mutual mistake has been established, against which a court of equity will, at the instance of the purchaser, give relief by a decree for the value of the deficiency. *Boschen* v. *Jurgens*, 92 Va. 756. It is true, as contended, that the bill does not allege specifically that the relief sought is founded upon mistake, but it alleges facts which show clearly that either a mutual mistake has been made, or a fraud committed, either of which is an elementary ground for equity jurisdiction. Where the facts alleged show a mistake, it adds nothing to the force of the allegation for the pleader to set forth the conclusion that flows from those facts.

Granting it to be true, as contended, that appellee had a complete and adequate remedy at law, it is equally true that the existence of a remedy at law cannot deprive courts of equity of jurisdiction in a matter that comes within the scope of their elementary jurisdiction.

The right of appellee to recover the value of the deficiency was not, as contended, barred by the statute of limitations or affected by laches. It is true the suit was not instituted until after the expiration of five years from the date of the deed, but it clearly appears from the bill that the mistake was not discovered until after the land was sold by Harrison to Sayers, and that the suit was brought in about one year after the award of the arbitrators was recorded establishing the liability of Harrison's estate to his grantee. It is well settled that the rights

of parties are not affected by the lapse of time, nor generally by anything done or omitted, so long as they, without fault of their own, remain in ignorance of their mistake. *Craufurd* v. *Smith,* 93 Va. 623.

This was not, as contended, a sale in gross. Every sale of real estate where the quantity is referred to in the contract, and where the language of the contract does not plainly indicate that the sale was intended to be a sale in gross, must be presumed to be a sale per acre. While contracts of hazard are not invalid, courts of equity do not regard them with favor. The presumption is against them, and, while such presumption may be repelled, it can only be effectually done by clear and cogent proof. *Boschen* v. *Jurgens,* 92 Va. 756.

In the case at bar the deed expressly says that it conveys a tract containing 832 30-100 acres, and there is nothing to indicate that a contract of hazard was intended, and the presumption, under these circumstances, is that the quantity influenced the price.

It is further assigned as error that the court of its own motion directed an issue out of chancery. In order to ascertain whether there was a deficiency, it became necessary to establish the boundary lines of the tract conveyed, and the evidence being conflicting in regard to the location of the lines, it was proper for the court in determining their location to call a jury to its aid.

Nor was there any error in the court's modifying the verdict of the jury in reaching its final conclusion in the premises. A chancellor is not bound by the verdict of a jury rendered in an issue out of chancery directed by him. In *Reed* v. *Axtell,* 84 Va. 231, it is said "that a verdict rendered upon the trial of an issue out of chancery stands upon a very different footing from a verdict rendered upon an issue *devisavit vel non,* or in an action at common law, the reason being that in the former case the issue is a mere incident of the proceedings, intended to satisfy the conscience of the chancellor, who may, therefore, approve

the verdict or disregard it altogether, according to what, in his judgment, the law and the evidence in the particular case may require. This is a familiar principle repeatedly recognized by this court."

The last error assigned is that the Circuit Court erred in rendering the final decree appealed from.

It would serve no good purpose to prolong this opinion by a review of the evidence upon which that decree was based. It is sufficient to say that after a careful consideration of the whole case we have reached the conclusion that appellant has not been prejudiced by the decree complained of.

Under rule *IX.* of this court appellee asks that the decree appealed from be amended so as to make his recovery on account of the deficit $718.20, instead of $564.35, as provided in said decree, and that the amount be made to bear interest from March 7, 1884, the date of the deed from appellant to Harrison, instead of from June 26, 1889, the date of the institution of this suit.

There is no error in the decree fixing the amount due appellee on account of the deficiency at $564.35, but it was error to make that sum bear interest from June 26, 1889. It should have been decreed to bear interest from the 7th of March, 1884, the date of the deed from appellant conveying the land to Harrison. In this respect said decree must be amended, and thus amended it must be affirmed.

*Amended and affirmed.*