# Staunton.

BERRY'S EXECUTRIX v. FISHBURNE & OTHERS.

September 21, 1905.

1. VENDOR AND PURCHASER—*Sale by the Acre—Case in Judgment.*—
Where a vendor's agent, in negotiating the sale of a tract of land, in
response to an enquiry of the vendee, represents the tract to contain
179 acres, and offers to have it surveyed if desired, and the deed
from the vendor describes the tract as containing 179 acres, more
or less, this is a sale by the acre, and not in gross. For the prin-
ciples governing the subject of such sales, see the opinion of the
court.

2. ESTOPPEL IN PAIS—*Burden of Proof—Case in Judgment.*—Estoppels *in
pais* are not to be taken by argument or inference, but must be
certain to every intent. The burden of proof rests upon the party
relying upon an estoppel, and it must be made to appear affirma-
tively by clear, precise and unequivocal evidence. In the case at
bar, the evidence as to statements made by the maker of certain
bonds, before their assignment, is not sufficient to establish an
estoppel upon him to deny liability on said bonds.

Appeal from a decree in chancery of the Circuit Court of
Augusta county. Decree in favor of defendants. Complain-
ants appeal.

*Reversed.*

The opinion states the case.

*J. M. Perry,* for the appellants.

*Fitzhugh Elder* and *H. H. Blease,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity brought originally by Abram Berry against his vendors and others, the appellees, for an abatement in the purchase price of the land in the bill and proceedings mentioned on account of a deficiency therein of 21½ acres. Pending the litigation, Berry died; and, the cause having been revived in the name of his executrix and heirs at law, the decree under review was passed dismissing the bill with costs.

The deficiency in the land is established beyond controversy, so that the main question presented by the record for decision is whether the sale was a sale by the acre or a sale in gross. If the former, appellant, the executrix, would be, in that aspect of the case, entitled to the abatement demanded; otherwise, she would not be so entitled.

The principles governing the subject of such sales have been settled in this jurisdiction by a long line of decisions. In the case of *Benson* v. *Humphreys,* 75 Va. 196, they are summarized as follows:

"First. Every sale of real estate where the quantity is referred to in the contract, and when the language of the contract does not *plainly* indicate that the sale was intended to be a sale *in gross,* must be presumed to be a sale per acre.

"Second. The language 'more or less,' used in contracts for sale of land, must be understood to apply only to small excesses or deficiencies, attributable to variations of instruments of surveyors, etc. When these terms are used it rather repels the idea of a contract of hazard, and implies that there is no considerable difference in quantity.

"Third. While contracts of hazard are not *invalid,* courts of equity do not regard them with favor. The presumption is against them, and while such presumption may be repelled, it can only be effectually done by clear and cogent proof.

"Fourth. The burden of proof is always upon a party asserting a contract of hazard; for the presumption always being in favor of a sale per acre, a sale in gross or contract of hazard must be clearly established by the facts.

"Fifth. Where the parties contract for the payment of a *gross sum* for a tract or parcel of land upon the estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard.

"Sixth. Whether it be a contract in gross or for a specific quantity depends, of course, upon the intention of the contracting parties, to be gathered from the terms of the contract and all the facts and circumstances connected with it. But in interpreting such contracts the court, not favoring contracts of hazard, will always construe the same to be contracts of sale *per acre,* wherever *it does not clearly appear* that the land was sold by *the tract,* and not *by the acre.* See *Watson* v. *Hoy,* 28 Gratt, 698, where all the cases decided by this court and many others are carefully collected in the elaborate opinion of Judge Burks."

See also to the same effect the subsequent cases of *Cunningham* v. *Miller,* 82 Va. 530; *Trinkle v. Jackson,* 86 Va. 238, 9 S. E. 986, 4 L. R. A. 525; *Boschens* v. *Jurgens,* 92 Va. 756; 24 S. E. 390; *Hull* v. *Watts,* 95 Va. 10, 27 S. E. 829.

The evidence in the case has received careful consideration, and without discussing it in detail it is sufficient to remark that it fails to afford the *clear and cogent proof contemplated by the* authorities, and strongly tends to sustain the theory of appellant, that the sale was *by the acre* and not in gross. This is not only true of the antecedent parol contract of sale, entered into between the agent of the vendors and the vendee, but also finds corroboration in the language of the deed subsequently executed by the parties in consummation of that contract. There is no doubt about the fact that this agent, in response to the direct inquiry of the vendee, represented that the tract contained 179 acres of land, and likewise offered to have it surveyed if desired—an avowal and offer, be it observed, that contribute to disprove the assumption that the sale was in gross, and that acreage was no inducement to the purchase.

The deed, after reciting the consideration of $6,200, con-

veys, "that certain tract or parcel of land . . . containing one hundred and seventy-nine acres, more or less, adjoining the lands of A. P. Anderson," etc. This description is substantially the same as that in *Benson* v. *Humphreys, supra,* which was held to constitute a sale *by the acre* and not a sale *in gross.* We have no difficulty, therefore, in resolving the first proposition in favor of the appellant.

But it is insisted, in the second place, that appellant is estopped by declarations of Berry from demanding an abatement of the bonds representing the deferred installments of purchase money.

Two of these bonds were assigned to Palmer, a stranger to the sale, and the remaining two to Loa A. Fishburne, one of the vendors. These parties allege in their answers that they were induced to purchase the bonds by the conduct of Berry; that his action and statement that he had no objection to their transfer, whether so intended or not misled them; and if allowed an abatement of the purchase price it would enure to his advantage and their disadvantage.

In that connection it appears that Berry had gone to the office of counsel for the vendors, in the city of Staunton, to call attention to the shortage in the land made known to him by a recent survey. He there met with several of the vendors, who had assembled for the purpose of completing a sale and assignment of the bonds to Palmer and Loa A. Fishburne. There is serious conflict in the testimony of witnesses as to what Berry said on that occasion in regard to the transfer of the bonds—varying in purport from an unqualified statement that he had no objection to the proposed assignment, to the qualified declaration, that "it was hard to pay for land and not get it, but that if he could not help himself they might dispose of the bonds." It was also proved that counsel advised Palmer and Loa A. Fishburne that Berry might contend for a rebate, but, in his opinion, he was not entitled to it as he had bought in gross and not by the acre. Neither Palmer

nor Loa A. Fishburne was examined to sustain the affirmative allegations of their answers; and the extent to which they may have been influenced, if at all, by the statement of Berry is altogether matter of conjecture and inference.

As remarked in a recent case by this court, "The authorities uniformly hold that estoppels *in pais* are not to be taken by argument or inference, but must be certain to every intent. The burden of proof rests on the party relying upon an estoppel, and it must be made to appear affirmatively by clear, precise and unequivocal evidence." *Newport News, &c. Co.* v. *Lake,* 101 Va. 334-343, 43 S. E. 566; *Bolling* v. *Mayor of Petersburg,* 3 Rand 563; *Taylor* v. *Cusson,* 90 Va. 40, 17 S. E. 721.

Tested by the foregoing rule, it is apparent that the evidence relied on for that purpose, is insufficient to establish the precise facts upon which the alleged estopped is based.

For the foregoing reasons, the decree of the Circuit Court is erroneous and must be reversed, and the cause remanded for such further proceedings as may be proper in accordance with this opinion.

*Reversed.*