Statement.

---

## Wytheville.

### VASHON v. BARRETT AND OTHERS.

#### June 14, 1906.

1. EQUITY—*Failure to Waive Oath in Bill—Answer—Post-Nuptial Settlement.*—Prior to 1884 all answers were under oath, and while in 1884 the statute was passed modifying the effect of answers as evidence in chancery suits by allowing the complainant to waive an answer under oath, then, as now, a post-nuptial settlement of a husband, indebted at the time it was made, was, as against his creditors, fraudulent and void, and was taken as voluntary, unless those who claimed under it could show by clear and satisfactory evidence, apart from the answer, that it was made for a valuable consideration.

2. INTEREST—*From What Time Computed—Sums Innocently Received—Demand.*—While it is the general rule that he who has the use of another's money must pay interest upon it from the time he receives it until he repays it, unless there be an agreement, express or implied, to the contrary, this rule is not enforced in equity without discrimination, and a court of equity will not hold a person liable for interest upon a sum of money innocently received and believed to be his own, until there has been a demand and a refusal to pay.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for complainants. Defendant appeal.

*Modified and affirmed.*

The opinion states the case.

*Cardwell & Cardwell,* for the appellants.

*Guy & Guy,* 'and *James Caskie,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an assault upon a post-nuptial settlement, the object being to set aside and annul a conveyance of land, a bill of sale of personalty, and the transfer of a paid-up policy of insurance, upon the ground that they were not made for a valuable consideration, and were, therefore, void as to the debt of the complainant.

In March, 1901, this court handed down an opinion sustaining a plea of the statute of limitations as to the attack upon the conveyance of land, and upon the bill of sale of personalty. With respect to the transfer of the policy of insurance, the record not showing when it was made, the cause was remanded for further proceedings as to that matter. *Vashon* v. *Barrett,* 99 Va. 344, 38 S. E. 200. The only subject of the present inquiry, therefore, is the transfer of the insurance policy; this appeal being from a decree of the Chancery Court of the city of Richmond, holding that the policy for $750 was assigned March 14, 1895, by George S. Vashon to his wife, Edmonia Vashon, without consideration deemed valuable in law, as to the debt of the complainants, and decreeing that said Edmonia Vashon pay the amount of such policy to the assignee of the complainants, with interest thereon from the 10th day of May, 1897, the day it was collected by her.

It is conceded, both in the petition for appeal and in the oral argument, that the testimony introduced by the appellant was not sufficient to sustain the transfer of the policy; but it is contended that the bill calls for an answer under oath, and that the sworn answer should have been treated as conclusive evidence until disproved by two witnesses, or one witness and corroborating circumstances.

The foundation of the claim that the answer in this case is evidence in favor of the appellant seems to rest upon the contention that the bill calls for a discovery. The bill was not a pure bill of discovery, seeking no relief in consequense of the discovery. Daniel's Chy. Pl. & Pr., p. 1557. It was a bill for discovery and relief as to the conveyance of the land and the bill of sale of the personalty. It called for an answer, under oath, and required appellant to state what consideration passed from her for the deed of conveyance and the bill of sale of personalty; how it was paid, whether by check or in cash, etc. But there was nothing whatsoever in the bill which required appellant to disclose anything in regard to the assignment of the insurance policy, which is alone the subject of this present litigation. All that can be claimed for the answer, therefore, is that it is in response to a bill which does not waive an answer under oath.

In 1884 the statute was passed modifying the effect of answers as evidence in chancery suits by allowing the complainant to waive an answer under oath. Prior to that time all answers were under oath; but then, as now, in cases of this nature, every post-nuptial settlement, where the husband was indebted at the time it was made, was, as against his creditors, fraudulent and void; and such settlement was taken as voluntary unless those claiming under it could show by clear and satisfactory evidence, apart from the answer, that it was made for a valuable consideration. *Blow* v. *Maynard,* 2 Leigh 30; *Fink, Bro. & Co.* v. *Denny,* 75 Va. 663; *Rankin* v. *Goodwin,* 103 Va. 81, 48 S. E. 521; *Kline* v. *Kline,* 103 Va. 263, 48 S. E. 882.

It being incumbent upon the appellant to show, independently of her answer under oath, by clear and satisfactory proof, that a valuable consideration passed from her for the policy in question, we are of opinion that she has failed to sustain that burden.

We are further of opinion that the Chancery Court erred in

holding that appellant should pay interest on the amount of the assigned policy from May 10, 1897, the date of its collection by her.

Appellant received the assignment of this policy from her husband, believing that he had the right to so dispose of it. Under a reasonable belief that her right to the proceeds of the policy was not questioned, she collected it, in ignorance of the existence of the claim, herein asserted, against her husband's estate. The first notice she had of such claim was the demand made by the bill in this case, which was filed at the first May rules, 1899.

The general rule is that he who has the use of another's money must pay interest upon it from the time he receives it until he repays it, unless there be an agreement, express or implied, to the contrary. This rule is not, however, in equity, enforced without discrimination in every case. *Craufurd* v. *Smith,* 93 Va. 623, 23 S. E. 235, 25 S. E. 657; *Southern R. Co.* v. *Glenn,* 102 Va. 529, 46 S. E. 776.

The amount of the policy was paid to the appellant as her due, and she received it, believing it to be her due. Under these circumstances, a court of equity will not hold her liable for interest upon the sum received until there has been a demand and a refusal to pay. *Craufurd* v. *Smith, supra; Askhurst* v. *Field,* 28 N. J. Eq. 315.

For these reasons, the decree appealed from must be modified so as to make the $750 herein demanded bear interest from the date of the institution of this suit, in May, 1899, and thus modified, it will be affirmed.

*Modified and affirmed.*