# Staunton.

## EMERSON AND OTHERS v. STRATTON.

September 12, 1907.

1. VENDOR AND PURCHASER—*Sale in Gross—Evidence.*—Every sale of real estate, where the quantity is referred to in the contract, and when the language of the contract does not plainly indicate that the parties intended a sale in gross, is presumed to be a sale by the acre. This presumption, however, may be overcome by evidence that the parties agreed to be governed at all events by the estimated quantity. Such evidence does not contradict or vary the deed, but merely establishes an understanding collateral to the written contract, and makes it clear that no such mistake was made as furnishes ground for relief in equity.

2. VENDOR AND PURCHASER—*Sale in Gross—Lump Sum—Lapse of Time—Frequent Alienations.*—When the purchase price for land is not an equi-multiple of the number of acres, it is, at least, persuasive evidence that the contract was not by the acre. If, in addition to this, a round sum is stated in the deed as the consideration for the land, and it is not clearly proved that there was any mutual mistake as to the quantity, and there has been great lapse of time since the alleged mistake was made, and frequent alienations of the property founded on the assumption that there was no mistake, a court of equity, in the absence of any allegation or proof of fraud, will hold the transaction to have been a sale in gross and not by the acre.

3. VENDOR AND PURCHASER—*Recovery for Excess of Land—Immediate Vendee.*—The recovery, if any, of a vendor for the value of the excess of land sold by the acre over the quantity actually paid for, must be, in the first instance, against his vendee, before attempting to subject the land in the hands of a remote purchaser for value without notice of the claim.

Appeal from a decree of the Circuit Court of Wise county. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Ayers & Fulton* and *T. E. Ellison,* for the appellants.

*Bond & Bruce* and *Vicars & Peery,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This record shows that in April, 1887, J. F. Johnson and wife sold and conveyed to F. A. Stratton 83.50 acres of land, more or less, in Wise county, at $2 per acre. It further appears that, in the same month and year, E. M. Fulton, as commissioner of the Circuit Court of Wise county, conveyed to F. A. Stratton, at the request of Mrs. Johnson, the grantor in the deed first mentioned, two tracts of land in the same county, containing 1,064.50 acres, which she had purchased for $599.65 under a decree of the court in a chancery suit then pending. This conveyance described the land conveyed as 1,064.50 acres, more or less, and by metes and bounds, as shown by a survey thereof which Mrs. Johnson had caused to be made.

In July, 1888, F. A. Stratton and wife conveyed, by one deed, these lands to H. M. Herbert. In this deed the two tracts are described separately by the same metes and bounds already mentioned, and as containing 83.50 acres, more or less, in the one case, and 1,064.50 acres, more or less, in the other. The consideration stated on the face of this deed, is the lump sum of $5,400 for the two tracts, aggregating 1,148 acres. In December, 1894, H. M. Herbert and wife conveyed the same two tracts of land, by the same description, to Albert E. Emerson, the consideration stated on the face of this deed being the lump sum of $5,100, or $300 less than the grantor had given. In December, 1898, Albert E. Emerson and others sold and conveyed the same boundary of land to N. B. Dotson, the present owner.

The bill in this case was filed in August, 1903, by F. A.

Stratton, the grantor in the deed made in 1888, to H. M. Herbert, against the appellant, Albert E. Emerson, and others, alleging that he had recently and within the preceding year, learned that the lands conveyed by him to H. M. Herbert as 1,148 acres, had since been accurately surveyed and found to contain 1,267.69 acres, or 119.69 acres more than he and his grantee supposed at the time he sold and conveyed the same; that he had sold the land at $4.70-110/287 per acre, making the aggregate of $5,400, which was the lump sum stated on the face of the deed to be the consideration; that, at the time of the execution of the deed, both he and his grantee believed that the land conveyed was only 1,148 acres, and that the true acreage and consideration was omitted from the deed by the mutual mistake of both; that the excess of land at $4.70-110/287 per acre would amount to $563, with interest thereon from the date of the deed; and the prayer is, that the complainant may have a decree for $563 and interest thereon from July 2, 1888, and that the land, or so much thereof as may be necessary, shall be sold to satisfy the same.

The record shows that 20.37 acres of this land belonged, by paramount title, to O. M. Vicars and others, so that, if the complainant was entitled to recover at all, it could only be for an excess of 99.32 acres instead of 119.69 acres.

The appellants, Albert E. Emerson and others, filed their answer to this bill, specifically denying that the lands were sold by the complainant, Stratton, to H. M. Herbert at the price af $4.70-110/287 per acre, that such sale was by the acre, that there was any mistake by which the true acreage and consideration were omitted from the deed, and that there was any mistake whatsoever in the deed for which the same should be reformed or corrected. They further aver that they are innocent purchasers of the land, without notice of the pretended claim of F. A. Stratton to a lien thereon, which neither of them ever heard of until the institution of this suit, long after they had purchased the land, paid in full therefor, and received and

recorded a deed for the same from their vendor, H. M. Herbert.

At the December term of the circuit court, Ellender M. Johnson, the vendor of the land to the complainant, F. A. Stratton, was allowed to file her petition in the cause, in which she alleges that her sale to the complainant, Stratton, was by the acre; that she sold the several tracts, described as containing 1,148 acres, to Stratton at $2 per acre; and alleging a mistake and recent discovery thereof substantially as claimed in the bill of Stratton, and claiming that by reason of the excess now shown to exist, she is entitled to recover the value thereof at $2 per acre, with interest.

The appellants filed an answer to this petition, in which they admit that petitioner sold the 83.5 acres of land, described in the deed of April, 1887, to F. A. Stratton by the acre, but they deny that the 1,064.50 acres, which was conveyed to Stratton by the commissioner at the request of petitioner, was a sale by the acre, and insist that it was a sale by the boundary. They deny generally all equities alleged in the petition, and insist that they are innocent purchasers of the land in question for a valuable consideration, without notice or knowledge of the petitioner's pretended claim.

At the November term, 1906, the circuit court decreed that the sale by Stratton to Herbert was a sale by the acre, and not in gross; that the sale by Mrs. Johnson to Stratton was also a sale by the acre, and not in gross; that the excess in acreage was 119.69 acres, less 20.37 acres; that F. A. Stratton was entitled to compensation from H. M. Herbert at $4.70-110/287 per acre for such excess, and Ellender M. Johnson was entitled to compensation for the same at the rate of $2 per acre; that Stratton had a lien on the land, except the 20.37 acres, for $467.20 with interest thereon, from July 2, 1888; and that Mrs. Johnson was entitled to $198.64, with interest, from April 8, 1887, to be paid out of the recovery in favor of her vendee, Stratton. The decree then appointed a commissioner to sell the lands, except the 20.37 acres, or so much thereof as should

be necessary, unless the lien thereby established should be paid within thirty days. From this decree the present appeal was allowed.

While contracts of hazard are not invalid, they are not regarded with favor by courts of equity. Every sale, therefore, of real estate, where the quantity is referred to in the contract, and when the language of the contract does not plainly indicate that the parties intended a sale in gross, must be presumed to be a sale by the acre. *Berry* v. *Fishburne,* 104 Va. 459, 51 S. E. 827; *Hull* v. *Watts,* 95 Va. 10, 27 S. E. 829. This presumption, however, may be met and overcome by proof that the parties agreed to be governed at all events by the estimated quantity. Such proof does not contradict or vary the deed in any particular; it merely establishes an undertaking collateral to the written contract, and makes it clear that no such mistake was made as furnishes ground for relief in equity. *Blessing* v. *Beatty,* 1 Rob. 287; *Caldwell* v. *Craig,* 21 Gratt. 132. *Boschen* v. *Jurgens,* 92 Va. 756, 24 S. E. 390.

In the case of *Blessing* v. *Beatty, supra,* Judge Baldwin says: "The principle upon which equity gives relief in such cases of deficiency or excess in the estimated quantity upon the sale of land, I understand to be that of mistake; whether the mutual mistake of the parties, or the mistake of one of them, occasioned by the fraud or culpable negligence of the other."

The mistake must be clearly proved, especially in a case like this, where there has been so great a lapse of time and such frequent alienations of the property, founded on the assumption that there was no mistake. *Jones* v. *Tatum,* 19 Gratt. 736.

In the case at bar, no fraud is alleged or proven. The complainant founds his case upon the ground that both he and his grantee were mistaken as to the number of acres the land contained. We are of opinion that the facts established satisfactorily show, that the deed of July, 1888, from F. A. Stratton to H. M. Herbert was not intended by the parties as a consummation of a sale by the acre of the land thereby conveyed. Under

the case made by the bill, Stratton sold the land to Herbert at $4.70-110/287 per acre. To say the least, this is a most unusual, if not remarkable, price per acre to have been agreed upon for land. The price by the acre is not stated in the deed, but the round sum of $5,400 is given as the consideration for the land conveyed. When the purchase money for land is not an equi-multiple of the number of acres, it is, at least, persuasive evidence that the contract was not by the acre. *Keytons* v. *Brawfords,* 5 Leigh 41, 53; *Jones* v. *Tatum, supra; Farrier* v. *Reynolds,* 88 Va. 141, 147, 13 S. E. 393.

Every material allegation of the bill is denied by the answer. There is no proof to sustain the allegation of mutual mistake, upon which the complainant grounds his right to recover. On the contrary, the testimony of H. M. Herbert distinctly disproves such allegation, and shows clearly that the real transaction between the parties was an exchange of the land conveyed for Indiana property consisting of land, town lots and houses, in which exchange Herbert paid Stratton a difference of about $1,400 in money; and further, shows that no mistake occurred between Stratton and Herbert as to the true acreage; that the sale was by the boundary; and that Stratton stated at the time that he did not know the correct acreage, but thought the land would run out more than 1,148 acres on an accurate survey. This evidence stands uncontradicted by anyone. After more than fifteen years of silent acquiescence in the sale that he made, Stratton is not put on the stand to question the truth of the statements made by his immediate grantee.

Without considering other strong corroborative circumstances, we think the uncontradicted testimony of Herbert alone is sufficiently clear and explicit to overcome the presumption that the sale in question was by the acre, and to show that the quantity did not influence the price paid for the land. The record justifies the conclusion that Stratton was willing to take in the Indiana property at about $4,000; that he wanted about $1,400 in money, and to get the matter closed, was willing to reduce

the price of his land from $5,500, the sum originally asked, to $5,400, the sum finally agreed upon as the value in gross of the tract of land he was selling.

If Mrs. Ellender M. Johnson, the vendor of F. A. Stratton, is entitled to recover anything, as to which we express no opinion, her recovery must be, in the first instance, against her vendee.

Having reached the conclusion that there can be no recovery in favor of the complainant, F. A. Stratton, the decree appealed from must be reversed, and this court will enter such decree as the circuit court should have entered, dismissing his bill with costs.

*Reversed.*