## Staunton.

### HALL V. GRAHAM, ~SHERIFF, &C.

September 14, 1911.

1. VENDOR AND PURCHASER—*Sale by the Acre—Presumption.*—Every sale of land where the quantity is referred to in the contract is presumed to be a sale by the acre, unless the language of the contract plainly indicates a sale in gross, and the presumption can only be overcome by clear and cogent proof. Such proof has not been produced in the case in judgment.

2. VENDOR AND PURCHASER—*Mutual Mistake—Laches—Limitation of Actions—Case in Judgment.*—No lapse of time and no delay in bringing suit, however long, will defeat the remedy in cases of fraud or mutual mistake, provided the injured party during all the interval was ignorant of the fraud or mistake without fault on his part. The duty of a party to commence proceedings to assert his rights can only arise upon the discovery of the fraud or mistake, and the possible effect of laches will begin to operate only from that time; and the statute of limitations will begin to run from the same time. In the case in judgment, a tract of land was accurately surveyed at the time of sale, but a mistake was made by the surveyor in calculating the quantity of land within the boundary, and this mistake was not discovered until twenty years thereafter, when the devisee of the purchaser was about to sell the land to another. Suit was then brought to recover for the deficiency, and it is held that the suit was in time, and not barred by either laches or the statute of limitations.

3. INTEREST—*Time of Computation—Mistake of Fact—Demand of Payment.*—Generally, he who has the use of another's money must pay interest upon it from the time he receives it until he repays it, unless there is an agreement, express or implied, to the contrary; but, according to the better rule, where money has been paid and received under a mutual mistake of fact, and no fraud or improper conduct can be imputed to the party receiving it, interest will not be allowed except from the time when the mistake was discovered and payment demanded.

Appeal from a decree of the Circuit Court of Pulaski county. Decree for the complainant. Defendant appeals.

*Reversed in part.*

The opinion states the case.

*J. C. Wysor,* for the appellant.

*John S. Draper,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by the appellee as the personal representative of William T. Jordan, to recover money paid by the latter to the appellant through a mistake of fact, as is alleged.

In the year 1884 the appellant conveyed to the said Jordan a tract of land for the sum of forty-five hundred dollars, which by survey made at the time was calculated to contain ninety acres, and was so described in the deed, which was with covenants of general warranty. Jordan permitted his daughter, Mrs. Mary H. Laughon, and her husband to move upon the land in the year 1886, with the understanding that he (Jordan) intended to give it to his said daughter. Jordan died in the year 1890 leaving a will by which he gave his widow the land during her life, or as long as she remained unmarried, with remainder to his said daughter upon the expiration of his widow's estate therein. The latter did not marry again, and died in the year 1907. In the year 1908 it was ascertained by calculation made from the courses and distances named in the deed from Hall to Jordan that there were eighty-three and one-half acres of land in the tract instead of ninety acres, as described in the deed. By subsequent survey made in the same year (1908), it was ascertained that there were only eighty-three acres of land in the tract, or a shortage of seven acres.

Upon the hearing of the cause, the circuit court granted the relief prayed for and entered a decree in favor of the

71

complainant for the sum of $350, with interest thereon from March 10, 1884, the date of Hall's deed to Jordan, until paid. From that decree this appeal was granted.

The objections made here to the decree are,—

1st: That there is no clear proof that the sale was by the acre; or, if it was, that there is any deficiency in the land;

2d: That the presumption is that the claim asserted was abandoned or settled, and there is no evidence to rebut that presumption;

3d: That the claim was barred by the statute of limitations;

4th: That the claim is stale and cannot be allowed without great risk of injustice to the appellant;

5th: That if the trial court did not err in sustaining the claim, it erred in giving interest thereon until demand made which was not until this suit was instituted.

It satisfactorily appears, we think, that the tract of land described in the deed as containing ninety acres only contained eighty-three acres. It further appears that the sale was by the acre and not in gross, for every sale of land where the quantity is referred to in the contract is presumed to be a sale by the acre, unless the language of the contract plainly indicates a sale in gross, and this presumption can only be overcome by clear and cogent proof. *Hull* v. *Watts' Admr.,* 95 Va. 10, 27 S. E. 829; *Epes* v. *Saunders,* 109 Va. 99, 100, 63 S. E. 428, 132 Am. St. Rep. 904, and cases cited.

There is nothing in the deed, which is the only evidence of the contract of sale, nor in the oral evidence which rebuts that presumption. On the contrary that presumption is strengthened by the language of the deed and by the fact that a survey of the land was made when Jordan purchased from Hall.

It further satisfactorily appears, we think, that the deficiency in the quantity of the land was unknown until the

year 1907 or 1908, when Mrs. Laughon and her husband were about to sell it. There is nothing to show that either the vendor or the vendee, or those who claimed under them, were at fault in not discovering the deficiency earlier. The land was surveyed by the county surveyor at the time of Hall's sale to Jordan, and had remained in the possession of the latter, his widow and daughter from that time until the latter had sold or was about to make sale of it, and the survey was no doubt regarded by all as a correct survey. Indeed the lines and corners were properly located by the county surveyor, but his mistake was in calculating the area in the survey. Neither a vendor nor a vendee can be regarded as at fault in not having a new survey or a new calculation of the quantity of the land made under the circumstances disclosed by the record. The mistake was mutual and made without the fault of either vendor or vendee.

The court is further of opinion that there has been no such laches in the prosecution of the appellee's claim as should deprive him of the right to recover. No lapse of time, no delay in bringing suit, however long, will defeat the remedy in cases of fraud or mutual mistake, provided the injured party during all the interval was ignorant of the fraud or mistake without fault on his part. The duty of a party to commence proceedings to assert his rights can only arise upon the discovery of the fraud or mistake, and the possible effect of laches will begin to operate only from that time. *Craufurd* v. *Smith,* 93 Va. 623, 630, 23 S. E. 235, 25 S. E. 657, and the authorities cited.

Neither is the claim barred by the statute of limitations, since the suit was instituted within less than the statutory period after the discovery of the mistake. *Hull* v. *Watts,* *supra,* 95 Va. 10, 13-14, 27 S. E. 829.

The remaining question to be considered is from what time the sum due the appellant ought to bear interest.

Generally, he who has the use of another's money must pay interest upon it from the time he receives it until he repays it, unless there is an agreement, express or implied, to the contrary. *Vashon* v. *Barrett,* 105 Va. 490, 493, 54 S. E. 705, and cases cited.

Our decisions are apparently not in accord as to the time from which money should bear interest which was paid and received under a mistake of fact, in the absence of fraud or misconduct in him to whom the money was mistakenly paid. See *Ross* v. *McLaughlin,* 7 Gratt. 86, 97-99; *Hull* v. *Watts,* 95 Va. 15, 27 S. E. 829; *Craufurd* v. *Smith,* 93 Va. 631, 23 S. E. 235, 25 S. E. 657; *Vashon* v. *Barrett,* 105 Va. 493, 54 S. E. 705; *Lee* v. *Laprade,* 106 Va. 594, 56 S. E. 719, 117 Am. St. Rep. 1021.

In the case of *Craufurd* v. *Smith, supra,* it was held that where money has been paid and received under such circumstances, interest will not be allowed except from the time when the mistake was discovered and demand for repayment made. The rule announced in that case was approved and followed in the case of *Lee* v. *Laprade, supra,* 106 Va. 601, 56 S. E. 719, 117 Am. St. Rep. 1021, and in a note to the last named case, reported in Vol. 10, Am. & Eng. Ann. Cases, pages 303, 307, numerous cases are cited to sustain the doctrine of the principal case. See also 16 Am. & Eng. Ency. L. (2d ed.), 1011; 22 Cyc. 1506-7.

The court is of opinion that the rule as to interest paid under a mutual mistake of fact, where no fraud or improper conduct can be imputed to the party receiving the same, laid down in *Craufurd* v. *Smith* and reiterated in *Lee* v. *Laprade,* is the better rule, is sustained by courts of the highest respectability, and should be adhered to.

It follows from what has been said that the court is of opinion that there is no error in the decree appealed from, except as to the interest allowed on the sum decreed to be paid. The decree of the circuit court must therefore be

affirmed, in so far as it ascertains the principal sum which the appellee is entitled to recover, and reversed in so far as it decrees that said sum shall bear interest from the date of the deed from Hall to Jordan instead of from the time the writ or summons commencing this suit was issued, there having been no previous demand made for the repayment of such principal. But as the record does not show the date when said summons was issued, the cause will be remanded with direction to the circuit court to decree interest on said principal sum from the date of the issuing of the summons. As the party substantially prevailing here, the appellant will be decreed his costs in this court.

*Reversed in part.*